■ DOROTHY TORTORELLO, Appellant, v. PHILIP ROSENTHAL, Respondent. — In this equity action brought to convert what appears to be a deed into a second mortgage, plaintiff appeals from a judgment of the Supreme Court,

Nassau County, entered February 15, 1974, adjudging and decreeing that her complaint be dismissed. Judgment reversed, on the law and the facts, with costs; plaintiff is declared to be the owner of the subject premises and the deed in question is declared to be a second mortgage on the premises. The complaint alleged a cause of action in fraud and one under section 320 of the Real Property Law. After a hearing, the Special Term concluded that neither cause of action was proved by plaintiff. It thereupon dismissed the complaint and awarded judgment to defendant. Although the proof fails to sustain the cause of action in fraud, the plaintiff established by a fair preponderance of the credible evidence that the "deed" from plaintiff to defendant was intended to be a mortgage to secure a loan from defendant to plaintiff (Real Property Law, § 320; cf. *Dickinson* v. *Oliver*, 195 N. Y. 238; *Mooney* v. *Byrne*, 163 N. Y. 86; *Walsh* v. *Gray*, 214 App. Div. 296). We are buttressed in our conclusion that this "deed" was given as collateral security for a debt, i.e., as a mortgage, by the fact that there were here none of the closing adjustments characteristic of a sale, the absence of which may be indicative of a mortgage, despite the label placed upon the transaction by the parties (*Chase Nat. Bank of City of N. Y.* v. *Tover*, 245 App. Div. 615). Either party may apply to Special Term for any adjustments or proceedings made necessary by our determination. Martuscello, Shapiro and Benjamin, JJ., concur; Hopkins, Acting P. J., and Christ, J., dissent and vote to affirm on the oral opinion of the Trial Justice.