■ ROBERT C. MAHER et al., Appellants, v ALMA REALTY Co., INC., et al., Respondents.—In an action, *inter alia,* to declare a certain written instrument executed by plaintiffs to be a mortgage and not an absolute conveyance of the premises described therein, in which action summary judgment was granted defendants upon plaintiffs' default, plaintiffs appeal from an order of the Supreme Court, Rockland County, dated August 2, 1978, which denied their motion to vacate their default. Order reversed, without costs or disbursements, and motion to vacate granted. Special Term denied plaintiffs' motion to open their default on the ground that their action, to declare a certain writing executed by them and placed in escrow to be delivered on their default in the payment of their obligations under mortgages encumbering the real property which is the subject of the writing was a mortgage, was without merit. We cannot say on this record that the action is patently without merit, for it is settled that deeds given in security for the payment of a debt are mortgages (Real Property Law, § 320). The plaintiffs cannot waive their right of redemption even by a stipulation in open court, since public policy forbids such a waiver (see *Hughes v Harlam,* 166 NY 427, 432; *Mooney v Byrne,* 163 NY 86, 92-93). The equities of the parties may be adjusted in the action (cf. *Wallace v McCabe,* 41 Misc 2d 483, 484-485). Mollen, P. J., Hopkins, Titone, O'Connor and Shapiro, JJ., concur.

■ NORMA NORGAARD, Petitioner, v BOGDAN LUKES et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated April 13, 1978, which affirmed an order of the State Division of Human Rights which, after a preliminary investigation and upon a finding of no probable cause, dismissed the petitioner's complaint charging an unlawful discriminatory practice relating to housing. Order confirmed and proceeding dismissed, without costs or disbursements. Upon the record presented we agree that the complaint lacks merit as a matter of law. Hopkins, J. P., Damiani, Titone and Margett, JJ., concur.