■ TERESA BASILE, Appellant, v ERHAL HOLDING CORP., Respondent, et al., Defendant.—In an action, *inter alia,* to declare the mortgage on certain real property to be void, the plaintiff appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered September 11, 1987, which granted that branch of the motion of the defendant Erhal Holding Corp. for a determination that the plaintiff waived her right of redemption with regard to the subject premises and denied the plaintiff's cross motion, *inter alia,* for an order directing the defendant Erhal Holding Corp. to deliver to the plaintiff a mortgage satisfaction and a deed to the subject premises upon the plaintiff's tender of the outstanding balance of the mortgage.

Ordered that the order is modified by deleting therefrom the provision granting the branch of the motion of the defendant Erhal Holding Corp. for a determination that the plaintiff waived her right of redemption in the subject premises and substituting therefor a provision denying that branch of the motion and declaring that the plaintiff did not waive her right of redemption in the subject premises; as so modified, the order is affirmed, with costs.

In 1982, the plaintiff, the owner of property located at 244 Morris Avenue in Peekskill, mortgaged the property to the Erhal Holding Corp. (hereinafter Erhal) in return for a loan at an alleged usurious rate. The plaintiff instituted this action, *inter alia,* to declare the mortgage null and void on the ground of usury. On June 2, 1986, and June 6, 1986, while the matter was awaiting trial, the parties entered into a stipulation of settlement in open court whereby the plaintiff agreed to execute a mortgage to Erhal in the sum of $101,303.59 together with a deed "in lieu of foreclosure" which would not be recorded by Erhal as long as the plaintiff fulfilled her obligations under the terms and conditions of the mortgage. The mortgage provided, *inter alia,* that the plaintiff would pay monthly interest payments on the mortgage amount at a rate of 12% per annum for a one-year period; at the end of that period, the entire balance was to become due. The mortgage agreement also included the following provision; "The mortgagor herein has simultaneously executed a deed in lieu of foreclosure which may be recorded by the mortgagee for any default herein".

During the settlement colloquy, the trial court questioned the plaintiff regarding her understanding of the terms of the settlement. At that time, the plaintiff indicated that she understood that if she violated the terms of the mortgage agreement, Erhal could record the deed and become the owner of the subject premises.

The plaintiff subsequently defaulted in several mortgage payments and failed to pay the real estate taxes and fire insurance premiums for the demised premises as provided for in the mortgage agreement. As a result of the plaintiff's default, Erhal recorded the deed in lieu of foreclosure in December 1986. Thereafter, Erhal moved, by order to show cause, for an order declaring that the plaintiff's right of redemption with respect to the property was waived when the mortgage and deed in lieu of foreclosure were executed in June 1986. The plaintiff cross-moved, *inter alia,* for an order directing Erhal to accept a check in the sum of $101,303.59 plus interest tendered by the plaintiff and to deliver to the plaintiff a satisfaction of mortgage and a deed for the premises, free and clear of all encumbrances.

The Supreme Court granted Erhal's motion and declared that "the plaintiff no longer has any right of redemption of the subject property". The plaintiff's cross motion was denied.

We conclude that the Supreme Court erred in declaring that the plaintiff waived her right of redemption in the demised premises. A deed conveying real property, although absolute on its face, will be considered to be a mortgage when the instrument is executed as security for a debt *(see,* Real Property Law § 320; *Hughes v Harlem,* 166 NY 427; *Mooney v Byrne,* 163 NY 86; *Macauley v Smith,* 132 NY 524; *Kraemer v Adelsberger,* 122 NY 467). The purpose behind this rule was explained in *Peugh v Davis* (96 US 332, 336-337):

"It is an established doctrine that a court of equity will treat a deed, absolute in form, as a mortgage, when it is executed as a security for a loan of money. That court looks beyond the terms of the instrument to the real transaction; and when that is shown to be one of security, and not of sale, it will give effect to the actual contract of the parties. * * *

"It is also an established doctrine that an equity of redemption is inseparably connected with a mortgage; that is to say, so long as the instrument is one of security, the borrower has in a court of equity a right to redeem the property upon payment of the loan. This right cannot be waived or abandoned by any stipulation of the parties made at the time, even

if embodied in the mortgage. This is a doctrine from which a court of equity never deviates" *(see also, Maher v Alma Realty Co.,* 70 AD2d 931 ["plaintiffs cannot waive their right of redemption even by stipulation in open court"]).

In this case, it is clear that the deed in lieu of foreclosure executed by the plaintiff with the $101,303.59 mortgage was not intended as an absolute conveyance or sale of the property by the plaintiff but rather was intended to be security for the plaintiff's $101,303.59 debt to Erhal. As such, the deed constituted a mortgage and the attempted waiver of the plaintiff's right of redemption in the property in the in-court stipulation of settlement as well as the mortgage agreement was ineffective *(see, e.g., Maher v Alma Realty Co., supra).* Erhal's sole remedy is to institute an action in foreclosure (RPAPL 1301 *et seq.).* The plaintiff will have a right to redeem the property at any time prior to the actual sale of the premises by tendering to Erhal the principal and interest due on the mortgage *(see, Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.