■ DENISE GIOIA, Respondent, v ANTHONY M. GIOIA, Appellant. [652 NYS2d 63] —In a matrimonial action in which the parties were divorced by judgment dated November 15, 1991, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Kohn, J.), dated February 29, 1996, as granted the plaintiff's cross motion for a determination that she is the owner of the former marital residence.

Ordered that the order is reversed insofar as appealed from, with costs, and the cross motion is denied.

In settlement of their matrimonial action, the parties entered into a stipulation in open court which provided that the defendant former husband would pay the sum of $55,000 to the plaintiff former wife in specified installments. The plaintiff, in turn, agreed to execute a deed conveying all of her interest in the marital residence to the defendant, to be held in escrow pending full payment of the $55,000. To secure his obligation, the defendant executed a mortgage in favor of the plaintiff and a deed conveying all of his interest in the property to the plaintiff, also to be held in escrow. In the event of a default in payment, the plaintiff could either foreclose on the mortgage or immediately record the deed in lieu of foreclosure. After payment of approximately one-half of the $55,000, the defendant defaulted.

The defendant subsequently moved to direct a hearing to determine the exact amount of money owed to the plaintiff pursuant to the stipulation. The plaintiff cross-moved for a determination that she is the owner of the former marital residence based on the defendant's default. The court granted the plaintiff's cross motion.

The defendant contends that the plaintiff cannot acquire title to the property by recording the deed which was given solely as security for his obligations. While this issue was not raised in the Supreme Court, it presents a question of law

which appeared upon the face of the record and is therefore reviewable on appeal (*see, Libeson v Copy Realty Corp.,* 167 AD2d 376, 377).

The Supreme Court erred in determining that the plaintiff was the owner of the property. The deed executed by the defendant was intended to serve as security for his obligations under the stipulation and not as an absolute conveyance of the property. Thus, the deed constituted a mortgage and the plaintiff must proceed by foreclosure despite the terms of the parties' stipulation (*see, Basile v Erhal Holding Corp.,* 148 AD2d 484; Real Property Law § 320). Unlike the situation in *Carnicelli v Carnicelli* (205 AD2d 726), the defendant in this case did not receive his equity in the former marital premises. Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.