■ ZEFF LORIA, Appellant, v BRUCE A. PLESSER, Respondent. [699 NYS2d 439] —In an action, *inter alia,* to recover damages for

intentional infliction of emotional distress, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated August 18, 1998, which denied his motion to (a) vacate a judgment entered upon his default in replying to a counterclaim, and (b) dismiss that counterclaim, and (2) an order of the same court dated February 8, 1999, which denied his motion for reargument.

Ordered that the appeal from the order dated February 8, 1999, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 18, 1998, is reversed, on the law and as a matter of discretion in the interest of justice, the motion is granted, and the counterclaim is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

It is well settled that to vacate a default, a party must demonstrate the existence of a reasonable excuse and a meritorious defense (*see, DeRisi v Santoro,* 262 AD2d 270; *Schiller v Sun Rock Bldg. Corp.,* 260 AD2d 566; *Chavez v Errico,* 255 AD2d 353). Here, the plaintiff established that he was never served with the defendant's counterclaim which was interposed by a separate pleading several months after the defendant served his answer. The uncontroverted evidence of nonreceipt constitutes a reasonable excuse for the plaintiff's failure to serve a reply to the counterclaim (*see, Deshler v East W. Renovators,* 259 AD2d 351; *Drummond v Petito,* 253 AD2d 407; *Executive Motor Car v Allen,* 211 AD2d 871; *see also, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138).

Furthermore, the plaintiff established a meritorious defense to the defendant's counterclaim sounding in libel and slander because the counterclaim fails to recite the particular words complained of or identify to whom they were published (*see,* CPLR 3016 [a]; *Shapiro v Central Gen. Hosp.,* 251 AD2d 317; *Gill v Pathmark Stores,* 237 AD2d 563; *Ott v. Automatic Connector,* 193 AD2d 657; *Farmelant v City of New York,* 187 AD2d 281; *Horowitz v Aetna Life Ins.,* 148 AD2d 584). This contention may be advanced for the first time on appeal because it raises a pure and dispositive issue of law discernible from the record (*see, Green v Fox Is. Park Autobody,* 255 AD2d 417; *Loiacono v Goldberg,* 240 AD2d 476; *Gioia v Gioia,* 234 AD2d 588; *Libeson v Copy Realty Corp.,* 167 AD2d 376). Accordingly, insofar as the plaintiff made the requisite showing, his default should be vacated and the defendant's facially-deficient counterclaim must be dismissed (*see, Wynne v Wagner,* 262 AD2d 556; *Spells v A&P Supermarkets,* 253 AD2d 422). Santucci, J. P., Thompson, Sullivan and Friedmann, JJ., concur.