■ Lexis-Nexis, Respondent, v Standard Weisberg, P.C., Appellant. [739 NYS2d 296] —In an action to recover damages for breach of contract and for an account stated, the defendant appeals from an order of the Supreme Court, Kings County

(Mason, J.), dated March 27, 2001, which denied its motion to vacate a judgment of the same court entered June 30, 2000, upon its default in answering.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the motion is granted on condition that the judgment stand as security pending disposition of this action.

The plaintiff's affidavit of service shows that the defendant was served by service upon the Secretary of State as its statutory agent pursuant to Business Corporation Law § 306. The uncontroverted affidavit of the defendant's officer was sufficient to establish that the defendant did not receive notice of the action in time to defend against it. Further, the defendant's papers showed the existence of a meritorious defense as to how much was actually owed to the plaintiff. Under the circumstances of this case, the defendant should have been allowed to serve an answer and have a determination of this matter on the merits (*see,* CPLR 317; *Loria v Plesser,* 267 AD2d 213; *Sippin v Gallardo,* 287 AD2d 703).

However, since it is clear that the defendant does owe some money to the plaintiff, the vacatur of the defendant's default in answering and permitting service of the answer should be conditioned upon letting the judgment stand as security pending the disposition of this action (*see, Poler Contr. v 3311 Shore Parkway Realty Corp.,* 287 AD2d 607).

The defendant's remaining contentions are without merit. Santucci, J.P., O'Brien, Florio and Schmidt, JJ., concur.