■ In the Matter of TRUMBULL INSURANCE COMPANY, Respondent, v WILSON HENRIQUEZ, Respondent, and NATIONWIDE INSURANCE COMPANY, Appellant. [741 NYS2d 888] —In a proceeding pursuant to CPLR 7503 to stay arbitration of an uninsured

motorist claim, Nationwide Insurance Company appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered June 20, 2001, which denied its motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court (Adams, J.), dated December 13, 2000, granting a stay of the arbitration upon the failure of Nationwide Insurance Company to appear or answer.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the order dated December 13, 2000, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

A party moving pursuant to CPLR 5015 (a) (1) to vacate an order entered upon the failure to appear or answer must show a reasonable excuse for the default and a meritorious defense (*see Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138; *Burns v Casale,* 276 AD2d 734). Nationwide Insurance Company (hereinafter Nationwide) established a reasonable excuse for its failure to appear or answer by demonstrating that it did not receive a copy of the order adding it as an additional respondent (*see Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., supra; Loria v Plesser,* 267 AD2d 213). In addition, Nationwide established a meritorious defense to the proceeding by setting forth facts sufficient to demonstrate that it had cancelled its policy with the alleged offending vehicle before the accident at issue. Thus, the Supreme Court should have granted the motion. Prudenti, P.J., S. Miller, O'Brien, McGinity and Crane, JJ., concur.