■ In the Matter of Liquidation of AMERICAN DRUGGISTS' INSURANCE COMPANY. SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, Respondent, v DENIS D. KENNY, Appellant. [789 NYS2d 483]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered December 3, 2003, which denied defendant's motion for summary judgment and granted plaintiff's cross motion for summary judgment to the extent of awarding the principal sum of $47,916.68 on the second cause of action, unanimously modified, on the law, defendant's motion granted to the extent of dismissing the first cause of action, and otherwise affirmed, except that portion of the appeal directed to the partial summary judgment granted to plaintiff unanimously dismissed, as superseded by the appeal from the subsequent order, all without costs. Order, same court and Justice, entered July 27, 2004, which granted defendant's motion to renew consideration of plaintiff's prior cross motion for summary judgment but adhered to that prior ruling, unanimously affirmed, without costs.

The second cause of action, for breach of the investor bond agreement, was for indemnification, and thus the statute of limitations only began to run when plaintiff made payment to the secured party (*see McDermott v City of New York*, 50 NY2d 211 [1980]). The defense of laches is unavailable in an action at law commenced within the period of limitation (*see Republic Ins. Co. v Real Dev. Co.*, 161 AD2d 189, 190 [1990]). By contrast, the statute of limitations on the first cause of action, for breach of the obligations of the notes, began to run in 1984 when defendant first defaulted, and that cause is thus time-barred.

We have reviewed defendant's remaining contentions and find them without merit. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Catterson, JJ.