◼ CHRISTOPHER HENLEY et al., Respondents, v FORECLOSURE SALES, INC., Appellant. [835 NYS2d 599]—

In an action for a judgment declaring a deed to be a mortgage, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated September 16, 2005, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A deed conveying real property, although absolute on its face, will be considered to be a mortgage when the instrument is executed as security for a debt" (*Basile v Erhal Holding Corp.,* 148 AD2d 484, 485 [1989]; *see* Real Property Law § 320; *Maher v Alma Realty Co.,* 70 AD2d 931 [1979]). To establish that a deed was meant as security, "examination may be made not only of the deed and a written agreement executed at the same time, but also [of] oral testimony bearing on the intent of the parties and to a consideration [of] the surrounding circumstances and acts of the parties" (*Corcillo v Martut, Inc.,* 58 AD2d 617, 618 [1977]; *see Hughes v Harlam,* 166 NY 427, 431 [1901]; *Matter of Newcourt Realty Holding Corp. v Gabel,* 28 AD2d 704, 704 [1967]).

To establish its prima facie entitlement to summary judgment, the defendant was required to demonstrate that, as a matter of law, the deed was not meant as security for the debt owed by the plaintiffs (*see Ujueta v Euro-Quest Corp.,* 29 AD3d 895, 895-896 [2006]; *Alvarez v Prospect Hosp.,* 68 NY2d 320,

324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Because questions of fact were raised by certain provisions of the underlying use and occupancy agreement, as well as the admitted absence of "the closing adjustments characteristic of a sale" (*Tortorello v Rosenthal*, 45 AD2d 1050, 1051 [1974]; *see Matter of Newcourt Realty Holding Corp. v Gabel, supra* at 704), the defendant failed to demonstrate his entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly denied his cross motion for summary judgment dismissing the complaint. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.