■ JACK VITVITSKY, Appellant-Respondent, v DAVID HEIM et al., Respondents-Appellants. [860 NYS2d 305]—

Spain, J. Cross appeals from an order of the Supreme Court (Dawson, J.), entered September 17, 2007 in Essex County, which, among other things, partially granted defendants' motion to dismiss the complaint.

In July 2000, defendant David Heim was the sole passenger in an airplane piloted by plaintiff when it crashed into a golf course in the Village of Lake Placid, Essex County. Heim and his spouse, derivatively, commenced a personal injury action against plaintiff and others to recover for the serious injuries that Heim sustained as a result of the crash. A stipulated settlement (hereinafter the settlement agreement) was reached by plaintiff and the Heims in January 2006, which provided, among other things, that a $500,000 judgment would be entered against plaintiff in favor of the Heims and become a lien against plaintiff's real property. The Heims agreed that they would not seek to "foreclose upon or otherwise attempt to collect their judgment" during plaintiff's lifetime so long as plaintiff, among other things, protected the Heims' security interest by remaining current on property taxes and naming the Heims as insured under his homeowner's insurance policy. The settlement agreement further provided that a deed transferring the property to the Heims would be held in escrow by the law firm representing the Heims unless a "material default" of the agreement occurred. The settlement agreement document was incorporated but not merged into a judgment that was subsequently entered in Essex County in July 2006.

At the time the judgment had been entered, plaintiff had not added the Heims as additional insureds on his homeowner's in-

surance policy and taxes were due on the real property dating back to 2001 and totaling more than $21,784. The Heims, through their counsel, defendant Wilkins & Griffin, PLLC, repeatedly notified plaintiff's attorney of plaintiff's obligations under the settlement agreement and, eventually, gave plaintiff a 30-day time period to "cure the defects" before plaintiff's deed transferring his property to the Heims would be released from escrow and recorded. In August 2006, when plaintiff failed to respond, the deed was recorded at the office of the Essex County Clerk and the Heims obtained a judgment of eviction the following November.

Plaintiff commenced the instant action in February 2007, alleging, first, that he had not been in material breach of the settlement agreement so as to justify the release and recording of the deed to his property; second, that forfeiture of his property was inequitable; third, that the deed in escrow was essentially a mortgage instrument and that he was entitled to the rights of a mortgagor; and, finally, that Wilkins & Griffin breached a fiduciary duty to plaintiff by recording the deed and obtaining the eviction order. Defendants moved to dismiss the complaint and plaintiff cross-moved to amend the complaint. Supreme Court partially granted defendants' motion, dismissing plaintiff's first, second and fourth causes of action, and denied plaintiff's cross motion to amend his pleadings. The parties cross-appeal, and we now affirm.*

We turn first to defendants' contention that plaintiff's third cause of action—asserting that the deed to plaintiff's real property functioned as a mortgage under the terms of the settlement agreement and, therefore, defendants were required to foreclose upon the deed in order to evict plaintiff from the premises and assume control of the property—should have been dismissed. Defendants claim that the deed and settlement agreement can only be interpreted to mean that the deed was direct compensation to the Heims and not merely as a security for plaintiff's debt. The settlement agreement clearly states that the deed may "be released from escrow and recorded" under a number of specific circumstances, lending support to defendants' argument that the property was intended as direct, albeit conditional, compensation.

However, the applicable statutory and case law of this state make it clear that the holding of a deed in escrow is not sufficient, in and of itself, to demonstrate that the deed will oper-

---

* Plaintiff has abandoned his challenge in this Court to the denial of his cross motion to amend the complaint by failing to address it in his brief (see *Peak v Northway Travel Trailers, Inc.*, 27 AD3d 927, 928 [2006]).

ate as an actual conveyance. Real Property Law § 320 provides that "[a] deed conveying real property, which, by any other written instrument, appears to be intended only as a security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage; and the person for whose benefit such deed is made, derives no advantage from the recording thereof" (*see Leonia Bank v Kouri*, 3 AD3d 213, 216-217 [2004]; *Basile v Erhal Holding Corp.*, 148 AD2d 484, 485 [1989], *lv denied* 75 NY2d 701 [1989]). "Significantly, the statute does not require a conclusive showing that the transfer was intended as a security; it is sufficient that the conveyance 'appears to be' intended only as a security in the nature of a mortgage" (*Leonia Bank v Kouri*, 3 AD3d at 217, quoting Real Property Law § 320). Indeed, "the giving of a deed to secure a debt, in whatever form and however structured, creates nothing more than a mortgage" (*Leonia Bank v Kouri*, 3 AD3d at 213, 216-217) "giving to the parties the relative rights of mortgagor and mortgagee" (11 West's McKinney's Forms Real Property Practice § 5A:05 [2008]; *see Henley v Foreclosure Sales, Inc.*, 39 AD3d 470, 470 [2007]).

We agree with Supreme Court that plaintiff made sufficient allegations to state a cause of action for violation of plaintiff's rights as a mortgagor. The settlement agreement contains language suggesting that the escrowed deed was to operate as a mortgage. It specifically states that the $500,000 judgment shall "become a lien against [plaintiff's] real property," that, so long as plaintiff is alive and not in breach of the agreement, "[the Heims] agree not to foreclose upon" their judgment, and the escrowed deed is intended "[t]o secure the timely performance of [plaintiff's] obligations." Thus, despite the language in the settlement agreement stating that, should plaintiff breach, the deed may be "released from escrow and recorded"—given the law indicating that a deed, absolute on its face, is insufficient to establish that it was intended as more than a security instrument—plaintiff successfully stated a cause of action based on his potential rights as a mortgagor (*see Leonia Bank v Kouri*, 3 AD3d at 218; *Gioia v Gioia*, 234 AD2d 588, 589 [1996], *lv denied* 89 NY2d 814 [1997]; *Basile v Erhal Holding Corp.*, 148 AD2d at 486; *Pioneer Vil. Dev. Corp. v XAR Corp.*, 55 AD2d 769, 769 [1976]). Accordingly, Supreme Court properly denied defendants' motion to dismiss the third cause of action.

Plaintiff's challenge to the dismissal of his first cause of action—alleging that he was not in breach of the settlement agreement because it did not state *when* he had to add defendants as additional insured—is unpersuasive. The settlement agreement

expressly provided that, "[*d*]*uring the period of this agreement*" plaintiff would ensure that the real property was insured and would name both of the Heims as additional insureds (emphasis added). The parties signed the agreement in January 2006 and judgment was entered in July 2006, yet plaintiff did not add David Heim to his policy until October 2006. Even assuming that a claim could be made that plaintiff's delay was reasonable or permitted under the terms of the settlement agreement, it is undisputed that plaintiff never added Juliette Heim as an additional insured. Accordingly, plaintiff was clearly in default of the settlement agreement and, thus, Supreme Court's dismissal of plaintiff's first cause of action was wholly proper. We have considered plaintiff's challenges to the dismissal of his remaining causes of action and hold that they were also properly dismissed by Supreme Court for failure to state a cause of action.

Mercure, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.