■ CHRISTOPHER HENLEY et al., Respondents, v FORECLOSURE SALES, INC., Appellant. (And a Third-Party Action.) [869 NYS2d 171]—

The plaintiffs deeded their home to the defendant, and the parties signed an occupancy and option agreement. The plaintiffs commenced this action for a judgment declaring the deed to be a mortgage. A prior motion by the defendant for summary judgment was denied, and this Court affirmed, stating that a deed, " 'although absolute on its face, will be considered to be a mortgage when the instrument is executed as security for a debt' " (*Henley v Foreclosure Sales, Inc.*, 39 AD3d 470 [2007], quoting *Basile v Erhal Holding Corp.*, 148 AD2d 484, 485 [1989]). This Court further found that questions of fact on this issue were raised based upon the terms of the occupancy and option agreement.

In support of its motion, in effect, for leave to renew the prior motion, the defendant submitted documentary evidence that after the closing date of August 6, 2004 it paid all real estate

taxes and obtained and maintained the homeowners' insurance policy covering the subject premises. This was in accordance with the occupancy and option agreement, which required the defendant to pay real estate taxes and maintain insurance on the premises. The defendant also relied upon documents either prepared by or forwarded to it during the period of the disputed transactions, which should have been available to it at the time its original motion for summary judgment was made. The defendant also presented deposition testimony which was not available at the time its original motion for summary judgment was made, but the testimony was equivocal.

Generally, where a party moves for leave to renew a motion for summary judgment based upon information available at the time the original motion was made, and fails to provide a reasonable justification for failing to present the information at that time, the motion should be denied (*see Schilling v Malark*, 13 AD3d 1153 [2004]; *Linden v Moskowitz*, 294 AD2d 114 [2002]; CPLR 2221 [e]). Since the information presented in support of the defendant's motion was either information previously submitted on the original motion, information available at the time the original motion was made, or equivocal new information, the motion was properly denied.

The defendant's remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.P., Lifson, Eng and Chambers, JJ., concur.