LEROY SOUTHWELL, Appellant-Respondent, v REGINALD MIDDLETON et al., Respondents-Appellants, and WASHINGTON MUTUAL BANK, F.A., Now Known as JPMORGAN CHASE BANK, N.A., Respondent. [890 NYS2d 57]—

In an action, inter alia, for a judgment declaring a certain deed to be a mortgage pursuant to Real Property Law § 320 and to recover damages for fraud, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated November 16, 2007, as denied those branches of his motion which were for leave to amend the complaint to reassert and amend causes of action seeking rescission of the deed and a certain contract based upon usury and unconscionablity, amend the fourth cause of action to recover damages for fraud, and add a cause of action for reformation of the contract, and granted that branch of the cross motion of the defendants Reginald Middleton and Lefferts Place, LLC, which was for summary judgment dismissing the fourth cause of action to recover damages for fraud, the defendants Reginald Middleton and Lefferts Place, LLC, cross-appeal from so much of the same order as denied that branch of their cross motion which was for summary judgment, in effect,

declaring that the deed is not a mortgage, and the defendant Emigrant Savings Bank separately cross-appeals from the same order.

Ordered that the cross appeal by the defendant Emigrant Savings Bank is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff and cross-appealed from by the defendants Reginald Middleton and Lefferts Place, LLC, without costs or disbursements.

For several years, the plaintiff lived in a multi-family dwelling (hereinafter the premises) located in Brooklyn. In 2002 the plaintiff's mother, who owned the premises, gifted the premises to the plaintiff. The plaintiff then obtained a loan from the nonparty Countrywide Home Loans, Inc. (hereinafter Countrywide), in the amount of $339,500, secured by a mortgage on the premises. A few months later, the plaintiff defaulted on that mortgage loan.

On December 2, 2003 the plaintiff, facing foreclosure, entered into an "Equity Purchase Agreement" (hereinafter the agreement) with the defendant Reginald Middleton. In relevant part, the agreement provided that for consideration of $100, the plaintiff would convey title to the premises to Middleton, who would satisfy Countrywide's mortgage loan. The agreement further provided that Middleton would lease the premises to the plaintiff for a four-month term, and that at the end of that term, the plaintiff would have an option to purchase the premises for $440,000. That option "includ[ed]" what was characterized as an "equity pay down feature" or "30 year lease to own agreement," providing that if the plaintiff failed to exercise his option at the end of the four-month lease term, Middleton would, for a 30-year term, lease the premises to the plaintiff, who would have the right to purchase the premises during the 30-year lease term.

On February 27, 2004 the plaintiff executed a deed conveying title to the premises to Middleton. Middleton then obtained a loan that would be assigned to the defendant Emigrant Savings Bank, secured by a mortgage on the premises. He used the proceeds of that loan to satisfy Countrywide's mortgage loan. He also conveyed title to the premises to the defendant Lefferts Place, LLC (hereinafter Lefferts Place), of which he was the managing member. Lefferts Place then obtained a loan from the defendant Washington Mutual Bank, F.A., now known as JPMorgan Chase Bank, N.A., secured by a mortgage on the premises.

At the conclusion of the four-month lease term, the plaintiff, unable to obtain a loan to finance his purchase of the premises, failed to exercise his option to purchase the premises. Middleton then notified the plaintiff that his option had "expired" and thus, was of no "force" or "effect." Middleton later served upon the plaintiff a lease termination notice, directing the plaintiff to vacate the premises.

In the instant action, the plaintiff, alleging that the deed to Middleton actually was a mortgage because it was executed as security for a debt he owed to Middleton, sought, inter alia, a judgment declaring that deed to be a mortgage pursuant to Real Property Law § 320 (*see Basile v Erhal Holding Corp.*, 148 AD2d 484, 485 [1989]; *see also* Real Property Law § 320). The plaintiff also sought rescission of the agreement as well as the deed to Middleton, based upon usury and unconscionability. Finally, the plaintiff asserted causes of action to recover damages for unjust enrichment and fraud.

Middleton and Lefferts Place subsequently moved, among other things, pursuant to CPLR 3211 (a) (7) to dismiss the complaint. By order dated July 17, 2006, the Supreme Court, inter alia, granted those branches of Middleton's and Lefferts Place's motion which were to dismiss the second and fifth causes of action seeking rescission of the agreement and the deed to Middleton based upon usury and unconscionablity, respectively, and the third cause of action to recover damages for unjust enrichment.

Upon the completion of discovery, the plaintiff moved for leave to amend the complaint to, among other things, reassert and amend the causes of action seeking rescission of the agreement and the deed to Middleton based upon usury and unconsciona-blity, amend the fourth cause of action to recover damages for fraud, and add a cause of action for reformation of the agreement. Middleton and Lefferts Place opposed the motion and, moreover, cross-moved for summary judgment, in effect, declaring that the deed is not a mortgage and dismissing the remaining causes of action.

The Supreme Court properly denied that branch of Middleton's and Lefferts Place's cross motion which was for summary judgment, in effect, declaring that the deed to Middleton was not a mortgage. To establish their entitlement to summary judgment, Middleton and Lefferts Place were required to demonstrate, prima facie, that the deed was not meant as security for a debt owed by the plaintiff (*see Henley v Foreclosure Sales, Inc.*, 39 AD3d 470 [2007]). However, Middleton and Lefferts Place failed to meet their burden. In this regard, they submit-

ted the complaint, to which the agreement was appended. Certain terms of the agreement, particularly the one providing for the "equity pay down feature," anticipated the continuation of the lease agreement for 30 years and, as such, raise a triable issue of fact as to whether the deed was meant as security for a debt owed by the plaintiff (*id.* at 471).

The Supreme Court properly granted that branch of Middleton's and Lefferts Place's cross motion which was for summary judgment dismissing the fourth cause of action to recover damages for fraud. In response to Middleton's and Lefferts Place's prima facie showing of their entitlement to judgment as a matter of law dismissing this cause of action, the plaintiff only submitted evidence tending to show that Middleton misrepresented an intent to perform his obligations under the agreement. This did not raise a triable issue of fact, as a claim of fraud cannot be solely based upon "a mere misrepresentation of an intention to perform under [a] contract" (*Ross v DeLorenzo*, 28 AD3d 631, 636 [2006]).

The Supreme Court also properly refused to grant the plaintiff leave to amend the complaint in certain respects. Leave to amend a complaint is to be freely granted, provided that the proposed amendment does not prejudice or surprise the defendant, is not patently devoid of merit, and is not palpably insufficient (*see Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). Here, however, the insufficiency and lack of merit of the plaintiff's proposed amendments are clear and free from doubt (*see Scofield v DeGroodt*, 54 AD3d 1017, 1018 [2008]). Although the plaintiff sought leave to reassert and amend the cause of action seeking rescission of the agreement and the deed to Middleton based upon usury, it is clear from the record that the plaintiff cannot establish that, when considering the transaction between him and Middleton in its totality, and judging that transaction by its real character (*see Ujueta v Euro-Quest Corp.*, 29 AD3d 895, 896 [2006]), the transaction involved a usurious loan. In addition, although the plaintiff sought leave to reassert and amend the cause of action seeking rescission of the agreement and the deed to Middleton based upon unconscionablity, it is clear from the record that the plaintiff cannot establish that he had an "absence of meaningful choice" at the time he entered into the agreement and that the agreement's terms were "unreasonably favorable to" Middleton (*Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10 [1988]). Furthermore, although the plaintiff sought leave to amend the fourth cause of action to recover damages for fraud, the new allegations, if true, would not support such a cause of action because they would only es-

tablish that Middleton "entered into a contract while lacking the intent to perform it" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]). Finally, although the plaintiff sought leave to add a cause of action for reformation of the agreement, it is clear from the record that he cannot establish that the agreement failed to conform to an actual agreement between him and Middleton due to mutual mistake or unilateral mistake coupled with fraud (*see Janowitz Bros. Venture v 25-30 120th St. Queens Corp.*, 75 AD2d 203, 214 [1980]).

Given the limited scope of the plaintiff's notice of appeal, the issue of whether the Supreme Court erred in denying the plaintiff's separate motion to disqualify a particular law firm from representing Middleton and Lefferts Place is not properly before this Court (*see* CPLR 5515 [1]; *Royal v Brooklyn Union Gas Co.*, 122 AD2d 132, 133 [1986]). Likewise, in light of the limited scope of Middleton's and Lefferts Place's notice of appeal, the issue of whether the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to amend the first cause of action for a judgment declaring the deed to be a mortgage pursuant to Real Property Law § 320 is not properly before this Court. Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.