■ PATMOS FIFTH REAL ESTATE INC. et al., Appellants, v MAZL BUILDING, LLC, et al., Respondents, et al., Defendant. (And a Third-Party Action.) [34 NYS3d 23]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about May 20, 2015, which denied plaintiffs' motion for summary judgment on their second cause of action to vacate the deed recorded by defendant pursuant to Real Property Law § 320, and to dismiss defendants' counterclaims and third-party claims, unanimously modified, on the law, to grant plaintiffs' motion with respect to their second cause of action, to declare that plaintiffs are and have been the sole owners of the subject property since December 23, 2009, and to dismiss defendants' affirmative defenses of laches and estoppel, and otherwise affirmed, without costs.

In 2006, plaintiffs purchased property from defendant Mazl Building LLC (Mazl). In connection with the purchase, plaintiffs mortgaged and refinanced the property for a total consolidated mortgage with Mazl. Plaintiffs defaulted on the consolidated mortgage, which then included the remaining defendants, but defendants agreed to forbear and extend additional time and credit to plaintiffs.

On February 27, 2009, the parties agreed to an additional loan, a final extension, and a deadline. The agreement required plaintiffs to execute a deed to the property, to be held in escrow and not to be released unless and until plaintiffs defaulted.

Plaintiffs subsequently defaulted under the agreement, and on December 23, 2009, defendants filed and recorded the deed and became the record owner of the property.

Plaintiffs commenced this action on July 21, 2011, alleging, as their second cause of action, that defendants' filing of the deed without first commencing foreclosure proceedings against plaintiffs violated Real Property Law § 320 (*see* 124 AD3d 422 [1st Dept 2015]).

Real Property Law § 320 codifies the common-law principle that the giving of a deed to secure a debt, in whatever form and however structured, creates nothing more than a mortgage (*see Leonia Bank v Kouri*, 3 AD3d 213, 216-217 [1st Dept

2004]). "[T]he courts are steadfast in holding that a conveyance, whatever its form, if in fact given to secure a debt, is neither an absolute nor a conditional sale, but a mortgage, and that the grantor and grantee have merely the rights and are subject only to the obligations of mortgagor and mortgagee" (*id.* at 217 [internal quotation marks omitted]). "Significantly, the statute does not require a conclusive showing that the transfer was intended as security; it is sufficient that the conveyance appears to be intended only as a security in the nature of a mortgage" (*id.* [internal quotation marks omitted]; *see Vitvitsky v Heim*, 52 AD3d 1103, 1105 [3d Dept 2008]). "In determining whether a deed was intended as security, examination may be made not only of the deed and a written agreement executed at the same time, but also of oral testimony bearing on the intent of the parties and to a consideration of the surrounding circumstances and acts of the parties" (*Bouffard v Befese, LLC*, 111 AD3d 866, 868 [2d Dept 2013] [internal quotation marks and brackets omitted]).

Here, Raba Haim Abramov, a member of Mazl, conceded in his affidavit and in his deposition testimony that he understood that the deed was given to secure an extension of the mortgage and an additional loan. This, coupled with the clear language of the agreement, leads to the conclusion that the deed was only a security (*see Leonia Bank* at 217-218; *Bouffard* at 868-869; *Vitvitsky* at 1105; *see also Gioia v Gioia*, 234 AD2d 588 [2d Dept 1996], *lv denied* 89 NY2d 814 [1997]; *Basile v Erhal Holding Corp.*, 148 AD2d 484, 485 [2d Dept 1989], *lv denied* 75 NY2d 701 [1989]). Abramov's contradictory and conclusory statements regarding defendants' intent are insufficient to create a genuine issue of material fact (*see Hypo Holdings v Chalasani*, 280 AD2d 386, 387 [1st Dept 2001], *lv denied* 96 NY2d 717 [2001]). In view of the foregoing, plaintiffs are also entitled to a declaration in their favor on defendants' counterclaim and the third-party claim for a declaratory judgment as to ownership of the property.

Plaintiffs are also entitled to summary judgment dismissing defendants' affirmative defenses of laches and estoppel, as the statute of limitations on plaintiffs' right to redemption had not yet expired (CPLR 212 [c]; *Matter of American Druggists' Ins. Co.*, 15 AD3d 268 [1st Dept 2005], *lv dismissed* 5 NY3d 746 [2005]).

Plaintiffs are not entitled to summary judgment dismissing the foreclosure counterclaim and third-party claim because the filing of the deed was not equivalent to a judgment of foreclosure; nor are plaintiffs entitled to summary judgment

dismissing the remaining counterclaims and third-party claims, including for breach of a 2008 guarantee and unjust enrichment (*see e.g. Riley v South Somers Dev. Corp.*, 222 AD2d 113 [2d Dept 1996]). Concur—Acosta, J.P., Renwick, Saxe, Richter and Gische, JJ.