Fbp 250, LLC v Wells Fargo Bank, N.A. (2018 NY Slip Op 06082)





Fbp 250, LLC v Wells Fargo Bank, N.A.


2018 NY Slip Op 06082


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2015-12534
 (Index No. 510017/14)

[*1]FBP 250, LLC, appellant, 
v
Wells Fargo Bank, National Association, etc., respondent, et al., defendants.


Menashe & Associates, LLP, Montebello, NY (Shoshana Schneider and Chezki Menashe of counsel), for appellant.
Sandelands Eyet, LLP, New York, NY (Kieran M. Dowling of counsel), for respondent.



DECISION & ORDER
In an action to cancel and discharge a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated October 20, 2015. The order, insofar as appealed from, denied the plaintiff's cross motion for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2005, nonparty Cecilia Adebola executed a promissory note in the sum of $549,000 in favor of Fremont Investment & Loan secured by a mortgage encumbering real property located in Brooklyn. After Adebola defaulted under the terms of the note and mortgage, the loan servicer sent her a notice of default dated July 3, 2006. The notice of default stated, in relevant part, that "[i]f the default is not cured on or before August 7, 2006, the mortgage payments will be accelerated with the full amount . . . becoming due and payable in full, and foreclosure proceedings will be initiated at that time."
The default was not cured, and a mortgage foreclosure action was commenced in September 2006 (hereinafter the foreclosure action) by Wells Fargo Bank, National Association (hereinafter Wells Fargo). In an order dated September 7, 2010, the Supreme Court denied Wells Fargo's motion for a judgment of foreclosure and sale, and dismissed the foreclosure action on the ground that Wells Fargo lacked standing to commence the action since a retroactive assignment cannot be used to confer standing. Subsequently, by deed executed July 1, 2014, Adebola transferred the subject property to FBP 250, LLC (hereinafter FBP).
In October 2014, FBP commenced this action pursuant to RPAPL 1501 against, among others, Wells Fargo, seeking to cancel and discharge the mortgage. The complaint alleged that Wells Fargo accelerated the mortgage when it commenced the foreclosure action on September 18, 2006, and that more than six years had elapsed since then. Wells Fargo moved to dismiss the complaint insofar as asserted against it, contending that the foreclosure action was not properly commenced due to its lack of standing and, thus, the loan was never accelerated. The FBP cross-moved for leave to amend the complaint to add a cause of action asserting, in the alternative, that [*2]the notice of default dated July 3, 2006, accelerated the mortgage. The Supreme Court, inter alia, denied FBP's cross motion for leave to amend the complaint, and FBP appeals.
"As relevant here, RPAPL 1501(4) authorizes a person having an estate or interest in real property subject to a mortgage to maintain an action against another to secure the cancellation and discharge of record of such encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired" (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; see RPAPL 1501[4]; Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d 656, 659; Caliguri v JPMorgan Chase Bank, N.A., 121 AD3d 1030). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980).
"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Mannino v Wells Fargo Home Mtge., Inc., 155 AD3d 860, 862; see CPLR 3025[b]). " The legal sufficiency or merits of a proposed amendment to a pleading will not be examined unless the insufficiency or lack of merit is clear and free from doubt'" (Carroll v Motola, 109 AD3d 629, 630, quoting Sample v Levada, 8 AD3d 465, 467-468; see Maldonado v Newport Gardens, Inc., 91 AD3d 731, 732; Southwell v Middleton, 67 AD3d 666, 669). The determination to permit or deny amendment is committed to the sound discretion of the trial court (see CPLR 3025[b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959).
Here, it is clear from the record that FBP cannot establish that the notice of default letter was a clear and unequivocal acceleration of the mortgage (see Southwell v Middleton, 67 AD3d at 669). The notice of default "was nothing more than a letter discussing acceleration as a possible future event, which does not constitute an exercise of the mortgage's optional acceleration clause" (21st Mtge. Corp. v Adames, 153 AD3d 474, 475; see Goldman Sachs Mtge. Co. v Mares, 135 AD3d 1121).
Accordingly, the Supreme Court providently exercised its discretion in denying FBP's cross motion for leave to amend the complaint.
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court