Wohl v Frankel (2019 NY Slip Op 02147)





Wohl v Frankel


2019 NY Slip Op 02147


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-01171
 (Index No. 8188/15)

[*1]Melanie Wohl, etc., respondent,
v
Paul Frankel, et al., appellants, et al., defendant.


Donald M. Nussbaum, New York, NY, for appellants.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Juan Paolo F. Dizon of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that certain deeds are void and that the plaintiff is the sole owner of the subject real property, the defendants Paul Frankel and Orlo Holdings NY, LLC, appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated October 31, 2016. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment, in effect, making certain declarations in their favor.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Real Property Law § 320 provides, in pertinent part, that a "deed conveying real property, which, by any other written instrument, appears to be intended only as a security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage." "In determining whether a deed was intended as security, examination may be made not only of the deed and a written agreement executed at the same time, but also [of] oral testimony bearing on the intent of the parties and to a consideration [of] the surrounding circumstances and acts of the parties'" (Bouffard v Befese, LLC, 111 AD3d 866, 868, quoting Henley v Foreclosure Sales, Inc., 39 AD3d 470, 470 [internal quotation marks omitted]; see Patmos Fifth Real Estate Inc. v Mazl Bldg., LLC, 124 AD3d 422; Corcillo v Martut, Inc., 58 AD2d 617, affd 45 NY2d 878). Thus, " a court of equity will treat a deed, absolute in form, as a mortgage, when it is executed as a security for a loan of money. That court looks beyond the terms of the instrument to the real transaction; and when that is shown to be one of security, and not of sale, it will give effect to the actual contract of the parties'" (Basile v Erhal Holding Corp., 148 AD2d 484, 485, quoting Peugh v Davis, 96 US 332, 336).
In support of that branch of their motion which was for summary judgment, in effect, making certain declarations in their favor, the appellants submitted a stipulation settling a related mortgage foreclosure action. Inasmuch as the stipulation raised a triable issue of fact as to whether a certain deed in favor of the appellants was "intended only as a security in the nature of a mortgage" (Real Property Law § 320), and not as an absolute conveyance, we agree with the Supreme Court's [*2]denial of that branch of the motion (see Southwell v Middleton, 67 AD3d 666; Henley v Foreclosure Sales, Inc., 39 AD3d at 471; Gioia v Gioia, 234 AD2d 588; Basile v Erhal Holding Corp., 148 AD2d at 485-486).
The appellants' remaining contentions are without merit.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court