Simmons v Reich (2019 NY Slip Op 03099)





Simmons v Reich


2019 NY Slip Op 03099


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-12809
 (Index No. 613097/15)

[*1]Davie Simmons, etc., appellant,
v
Alexander Reich, et al., respondents.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Alan J. Wohlberg, Brooklyn, NY, for respondent Nechadim Corp., and Harold Schwartz, Brooklyn, NY, for respondent Alexander Reich (one brief filed).



DECISION & ORDER
In an action, inter alia, to vacate and expunge a deed pursuant to Real Property Law § 320, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated October 26, 2016. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on his cause of action to vacate and expunge a deed pursuant to Real Property Law § 320.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2006 and 2007, the plaintiff executed three mortgages in favor of the defendant Nechadim Corp. (hereinafter Nechadim), in the combined principal amount of $1,000,000, each encumbering, among other properties, premises located in Bridgehampton (hereinafter the mortgaged premises). In December 2009, the plaintiff executed a deed conveying the mortgaged premises to the defendant Alexander Reich, a principal of Nechadim (hereinafter together the defendants). The deed, which was held in escrow until recorded on November 4, 2015, includes a handwritten notation which provides "continuing lien on six mortgages totaling $2,300,000."
The plaintiff commenced this action, inter alia, to vacate and expunge the deed pursuant to Real Property Law § 320 and, thereafter, moved for summary judgment on the complaint. The plaintiff contended that the deed served as a security in the form of a mortgage and was not a conveyance of the property. The defendants opposed the motion, arguing that the deed was not given as security but rather as partial satisfaction of the three mortgages, and that the handwritten notation on the deed related to tax planning. By order dated October 26, 2016, the Supreme Court, inter alia, denied the plaintiff's motion, noting that triable issues of fact exist regarding the nature of the transaction and the purpose of the deed. The plaintiff appeals from the denial of that branch of his motion which was for summary judgment on his cause of action to vacate and expunge the deed pursuant to Real Property Law § 320.
Real Property Law § 320 provides, in pertinent part, that a "deed conveying real property, which, by any other written instrument, appears to be intended only as a security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage" (see
[*2]Bouffard v Befese, LLC, 111 AD3d 866, 867; Henley v Foreclosure Sales, Inc., 39 AD3d 470, 470). "[T]he statute does not require a conclusive showing that the transfer was intended as security; it is sufficient that the conveyance appears to be intended only as a security in the nature of a mortgage" (Leonia Bank v Kouri, 3 AD3d 213, 217 [internal quotation marks omitted]; see Vitvitsky v Heim, 52 AD3d 1103, 1105). "In determining whether a deed was intended as security, examination may be made not only of the deed and a written agreement executed at the same time, but also of oral testimony bearing on the intent of the parties and to a consideration of the surrounding circumstances and acts of the parties" (Bouffard v Befese, LLC, 111 AD3d at 868 [internal quotation marks and brackets omitted]). "The holder of a deed given as security must proceed in the same manner as any other mortgagee by foreclosure and sale to extinguish the mortgagor's interest" (Leonia Bank v Kouri, 3 AD3d at 217).
Under the circumstance of this case, the plaintiff did not demonstrate, prima facie, that the deed was intended as security. His submissions in support of the motion for summary judgment did not include an affidavit or any evidence specifically attesting to the nature and purpose of the transaction. The plaintiff therefore failed to establish his prima facie entitlement to judgment as a matter of law on his cause of action to vacate and expunge the deed pursuant to Real Property Law § 320. Since the plaintiff failed to meet his prima facie burden, he is not entitled to summary judgment on that cause of action, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions are without merit.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court