■ In the Matter of Denise Bokor, Respondent, v Kenneth Markel, Appellant. [960 NYS2d 202]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Greenwald, J.), dated March 8, 2012, which denied his objection to an order of the same court (Cabanillas-Thompson, S.M.), dated July 29, 2011, which, after a hearing, granted the mother's enforcement petition and directed him to provide a specific type of health insurance for the subject children.

Ordered that the order dated March 8, 2012 is affirmed, without costs or disbursements.

A separation agreement entered into by spouses in contemplation of divorce is a contract subject to the principles of contract interpretation (*see Rainbow v Swisher*, 72 NY2d 106, 109 [1988]). "The terms of a separation agreement incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties" (*Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]). "A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning" (*Matter of Tillim v Fuks*, 221 AD2d 642, 643 [1995]). "The words and phrases used in an agreement must be given their plain meaning so as to define the rights of the parties" (*id.* at 643).

The plain and unambiguous terms of the parties' stipulation of settlement, which was incorporated, but not merged, into their judgment of divorce, provided that the father agreed to "furnish at his own expense the Guardian PHS health and major medical insurance (or its equivalent if same is no longer available) for the benefit of the children of the parties until their respective emancipation." It is undisputed that the Guardian PHS health and major medical insurance plan provided out-of-network benefits, whereas the current health and major medical insurance plan the father was providing for the parties'

unemancipated children did not include any out-of-network benefits. Thus, the Family Court properly granted the mother's enforcement petition and directed the father to provide Guardian PHS health and major medical insurance, or its equivalent, for the subject children. Mastro, J.P., Skelos, Leventhal and Chambers, JJ., concur.