■ Christine Eckman, Appellant, v Albert Eckman, Respondent. [999 NYS2d 494]—

In a matrimonial action in which the parties were divorced by judgment entered October 18, 1992, which incorporated but did not merge the terms of a stipulation of settlement, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Raffaele, J.), dated October 12, 2012, as granted that branch of the defendant's cross motion which was to direct her to comply with the procedure outlined in the parties' stipulation of settlement with respect to the sale of the marital residence.

Ordered that the order is affirmed insofar as appealed from, with costs.

When the parties were divorced, a stipulation of settlement (hereinafter the stipulation) was incorporated by reference, but not merged, into the judgment of divorce. Contrary to the plaintiff's contention, the Supreme Court properly determined that the parties' youngest child had been emancipated for a period sufficient to trigger a provision set forth in the parties' stipulation pertaining to the sale of the marital residence. "A stipulation of settlement which is incorporated but not merged

into a judgment of divorce is a contract subject to principles of contract construction and interpretation. Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence" (*Rosenberger v Rosenberger*, 63 AD3d 898, 899 [2009] [citations omitted]; *see Ayers v Ayers*, 92 AD3d 623, 624 [2012]). In addition, "[t]he words and phrases used in an agreement must be given their plain meaning so as to define the rights of the parties" (*Mazzola v County of Suffolk*, 143 AD2d 734, 735 [1988]).

Here, the stipulation of settlement provides in Article VII (a), in relevant part, " 'Emancipation' of the children as used in this Agreement shall be deemed to have occurred upon the earliest happening of any of the following events: a) The child attaining the age of twenty one (21) years or until the child completes his or her education including graduate and post-graduate studies *if the said child is diligently pursuing such education* beyond the child's twenty-first (21st) birthday" (emphasis added). Here, even taking at face value the plaintiff's unsubstantiated affidavit detailing the youngest child's alleged post-high school endeavors, the youngest child's intermittent attendance at a string of educational institutions following her 21st birthday did not constitute diligent pursuit of her education.

The plaintiff's remaining contentions are improperly raised for the first time on appeal (*see Taormina v Taormina*, 85 AD3d 766, 766 [2011]; *Katsaros v Katsaros*, 80 AD3d 666, 667 [2011]). Mastro, J.P., Roman, Sgroi and Maltese, JJ., concur.