■ In the Matter of MARINA B. BRANDT, Appellant, v ROBERT A. PEIRCE, Respondent. [18 NYS3d 82]—

Appeal from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated December 3, 2014. The order denied the mother's objection to an order of that court (Esther R. Furman, S.M.), dated October 23, 2014, which determined that the father was owed a child support credit in the amount of $12,800.

Ordered that the order dated December 3, 2014, is affirmed, with costs.

The parties entered into a stipulation of settlement that was incorporated but not merged into their judgment of divorce dated July 14, 2008. The separation agreement required that the father pay child support to the mother in the sum of $2,800 each month for the parties' two children. The separation agreement also provided that the children's anticipated college expenses would be paid for, after any grants, awards, or scholarships, with specified custodial "529 accounts" that had been "established by the [f]ather" for the children's benefit prior to the parties' divorce (hereinafter the 529 accounts). In the event that the 529 accounts were insufficient to cover the children's college expenses, the father would then use a specified money market account, designated as the father's separate property, to cover the costs. In the event all of the above accounts were not enough to cover the entire cost of the children's college expenses, the parties would split the remaining college expenses equally. The separation agreement also stated in a separate paragraph that the father would receive a "dollar for dollar credit" in child support for "every dollar he spends" on the "[c]hildren's college, room and board."

The parties' son went away to college in the fall of 2011. The father paid his college tuition and room and board expenses for the 2011-2012 academic year in full from the 529 account established by the father for the benefit of the son. The father also decreased his monthly child support payments to the mother at this time.

The mother filed a petition for enforcement of the parties' separation agreement, claiming that the father should pay the full $2,800 per month in child support. The father moved for summary judgment determining that he was entitled to child support credits. He argued that he properly decreased his child support payments pursuant to the grant to him of a child support credit in the separation agreement because he paid the son's college expenses from the son's account. The mother opposed the father's motion and cross-moved for summary judgment on her petition. She argued that the crediting language in the separation agreement applied only to property expressly identified in the separation agreement as the father's "separate property," and was not intended to apply to the 529 accounts. The Support Magistrate agreed with the mother, and granted her cross motion for summary judgment in an order dated January 4, 2013. The father filed an objection to the order of the Support Magistrate, which the mother opposed. Upon review, in an order dated February 28, 2014, the Family Court granted the father's objection, agreeing with his contention that he was entitled to the child support credit, and remitted the matter to the Support Magistrate for further proceedings.

Upon remittal, in an order dated October 23, 2014, the Support Magistrate determined that the father was owed a child support credit in the amount of $12,800. The mother filed an objection to this order. In an order dated December 3, 2014, the Family Court denied the mother's objection. The mother appeals from the order dated December 3, 2014, and her sole argument on appeal is that the Family Court erred in determining that the separation agreement provided for the father to receive a child support credit for payments he made for the son's college expenses from the son's account.

We agree with the father that the Family Court properly determined that he was entitled to a child support credit for payments that he made for the son's college expenses from the 529 account. A separation agreement incorporated but not merged into a judgment of divorce "is a contract subject to the principles of contract interpretation" (*Matter of Bokor v Markel*, 104 AD3d 683, 683 [2013]; *see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *Matter of Tammone v Tammone*, 94 AD3d

1131, 1133 [2012]). In interpreting a separation agreement, " '[t]he words and phrases used in an agreement must be given their plain meaning so as to define the rights of the parties' " (*Matter of Bokor v Markel*, 104 AD3d at 683, quoting *Matter of Tillim v Fuks*, 221 AD2d 642, 643 [1995]; *accord Eckman v Eckman*, 123 AD3d 969, 970 [2014]). " 'Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used' " (*Salinger v Salinger*, 125 AD3d 747, 748 [2015], quoting *Ayers v Ayers*, 92 AD3d 623, 624 [2012]). " '[C]ourts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing' " (*Willsey v Gjuraj*, 65 AD3d 1228, 1230 [2009], quoting *Henrich v Phazar Antenna Corp.*, 33 AD3d 864, 867 [2006]; *accord Matter of Tammone v Tammone*, 94 AD3d at 1133).

The parties' separation agreement provides that "[t]he father will receive a dollar for dollar credit in Child Support for every dollar he spends on the Children's college, room and board." The plain and natural meaning of the parties' words entitles the father to the credit for "every dollar" that the father "spends" on the children's college, room, and board, without limitation (*see Salinger v Salinger*, 125 AD3d at 748; *Matter of Bokor v Markel*, 104 AD3d at 683). The question presented here is whether the father "spends" money on the children's college expenses when the payments are made from the 529 accounts. The mother contends that the separation agreement was not intended to provide for a child support credit under these circumstances because the agreement did not designate the 529 accounts as the father's "separate property." Despite the lack of this express designation, however, the parties do not dispute that the father is listed as the owner of the 529 accounts and that he received the money used to fund it as an individual inheritance from his late brother, thereby constituting his separate property (*see Overton v Overton*, 118 AD3d 858, 858-859 [2014]). Under these circumstances, where the father paid for the son's college expenses from the 529 account that the father set up and funded with his inherited money, the father is "spending" money on the son's college expenses and is entitled to a child support credit in accordance with the plain meaning of the separation agreement.

The father's remaining contentions are without merit. Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.