◼ In the Matter of Susan Lynn Taylor, Respondent, v Robert Daniel Taylor, Appellant. [50 NYS3d 455]—

Appeal by the father from an order of the Family Court, Westchester County (Arlene E. Katz, J.), dated June 22, 2016. The order denied the father's objections to so much of an order of that court (Allen Hochberg, S.M.) dated April 20, 2016, as directed him to pay the balance of a student loan and failed to award him a credit against his outstanding child support obligation.

Ordered that the order dated June 22, 2016, is affirmed, with costs.

In January 2001, the parties executed a stipulation, which was incorporated but not merged into their judgment of divorce, that required the father to pay the mother child support. The stipulation also required the father to pay "any and all student loans taken by the [parties' child], provided that the [f]ather has agreed to the [c]hild seeking a specific loan." In 2015, the mother, pro se, filed an enforcement petition alleging that the father had failed to pay child support for more than two years and had failed to make college tuition payments. After a hearing, the Support Magistrate granted the enforcement petition and directed the father, inter alia, to pay the mother child support arrears in the sum of $10,237.50, and to pay the balance of a Parent Plus Student Loan, including interest. The father filed objections to those portions of the Support Magistrate's order, and in the order appealed from, the Family Court denied the father's objections.

The Support Magistrate's findings that the father failed to pay child support to the mother as specified in the parties' stipulation was based upon an assessment of the parties' credibility and is supported by the record (see *Klein v Klein*, 134 AD3d 1066, 1068 [2015]; *Matter of Brandt v Peirce*, 132 AD3d 665, 667 [2015]; *Matter of Bokor v Markel*, 104 AD3d 683 [2013]; *Matter of Strella v Ferro*, 42 AD3d 544, 545 [2007]). The father's contention that he was entitled to a credit against his outstanding child support obligation because he gave the mother $6,000 in proceeds he received from the sale of the former marital home is without merit. The father's claim that this sum represented an advance payment of child support is not supported by the record.

Moreover, contrary to the father's contention that he never consented to pay the balance of the subject student loan, the father's counsel explicitly told the Support Magistrate twice during the hearing that the father agreed to pay the student loan as demanded by the mother. An order of a Support

Magistrate is final, and the Family Court's review of objections to such an order is the equivalent of appellate review (*see Matter of Cherrez v Lazo*, 102 AD3d 781, 782 [2013]). Since no appeal lies from an order entered on the consent of the appealing party (*see* CPLR 5511; *Matter of Michael C.*, 146 AD3d 879 [2017]; *Matter of Lemar H.*, 52 AD3d 602, 603 [2008]), the Family Court properly denied as not appealable the father's objection to so much of the Support Magistrate's order as directed him to pay the balance of the subject student loan.

Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order. Chambers, J.P., Hall, Maltese and Brathwaite Nelson, JJ., concur.