Behrend v New Windsor Group, LLC (2020 NY Slip Op 00841)





Behrend v New Windsor Group, LLC


2020 NY Slip Op 00841


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-01392
 (Index No. 16809/13)

[*1]Julius Behrend, appellant, 
v
New Windsor Group, LLC, et al., respondents, et al., defendant.


Cohen, LaBarbera & Landrigan, LLP, Goshen, NY (Thomas C. Landrigan and Joshua S. Scerbo of counsel), for appellant.
Tenenbaum Berger & Shivers LLP, Brooklyn, NY (David M. Berger of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a declaratory judgment, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Martin E. Ritholtz, J.), dated November 22, 2016. The order and judgment, insofar as appealed from, in effect, denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants New Windsor Group, LLC, and Andrew Perkal, granted the cross motion of those defendants for summary judgment in their favor on the first cause of action and dismissing the remainder of the complaint insofar as asserted against them, declared that the plaintiff does not have a 50% membership interest in the defendant New Windsor Goup, LLC, or a 50% interest in any of that defendant's assets, and dismissed the second through seventh causes of action in the complaint insofar as asserted against the defendants New Windsor Group, LLC, and Andrew Perkal.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The plaintiff, Julius Behrend, commenced this action in April 2012, seeking, in the first cause of action, a judgment declaring that he has a 50% membership interest in the defendant New Windsor Group, LLC (hereinafter NWG), and a 50% interest in certain of NWG's assets, and, upon such a declaration, inter alia, an accounting of NWG. NWG is a limited liability company whose principal asset is a shopping center. The plaintiff brought this action against NWG, its managing member, Andrew Perkal, and Joseph Klein. The complaint alleges that over the course of 10 years, the plaintiff loaned more than $2,500,000 to Klein, and that, on December 31, 2007, the plaintiff and Klein entered into an agreement in which Klein agreed to assign his interest in NWG to the plaintiff. The complaint further alleges that the defendants have refused to honor the plaintiff's membership interest in NWG or interest in its assets.
Klein has not appeared in this action. NWG and Perkal (hereinafter together the NWG defendants) joined issue and, in their answer, generally denied the allegations in the complaint and asserted that whatever interest Klein may have had in NWG was transferred and extinguished prior to the commencement of this action.
The plaintiff moved for summary judgment on the complaint, submitting, among other things, a "memorandum of understanding" between Klein and "Gmach Beth Joel—Julius Behrend," dated December 31, 2007, in which Klein acknowledged owing the latter a certain sum of money and agreed to transfer his ownership interest in certain real estate entities, including NWG.
The NWG defendants cross-moved for summary judgment in their favor on the first cause of action and dismissing the remainder of the complaint insofar as asserted against them. In an affirmation, Perkal stated that at no time prior to the commencement of this action did the plaintiff contact him or claim that Klein had transferred his interest in NWG to him. The NWG defendants submitted evidence that, pursuant to an order of the Supreme Court, Queens County, dated August 23, 2010, confirming an arbitration award, Klein was directed to transfer any interest he had in NWG and its real property to Perkal. They submitted additional evidence that, after Klein was found to be in contempt of that prior order and was threatened with arrest, Klein, in fact, transferred any interest he might have had in NWG to Perkal and resigned as a member, in documents notarized on April 26, 2012. The NWG defendants also submitted a copy of NWG's operating agreement, in which only Perkal and his wife were identified as members of NWG. Further, the operating agreement provided that "[a] Member may transfer his interest . . . to another person or entity only with the prior unanimous consent of the other Members either in writing or at a meeting called for such purpose." In his affirmation, Perkal stated that the NWG operating agreement had never been amended, and no new members had ever been added. Perkal further explained that, with respect to Klein, he had entered into an agreement with Klein in order to develop the shopping center and that, pursuant to their agreement, Klein could have eventually become a member of NWG, but he had defaulted on his obligations, resulting in arbitration and the Supreme Court order affirming the arbitration award, and Klein had never actually become a member of NWG.
In the order and judgment appealed from, the Supreme Court found that the plaintiff failed to establish that Klein had transferred his interest in NWG to the plaintiff in his individual capacity, that, at most, Klein had transferred only a security interest, and there was no evidence that the interest was ever perfected. The court determined that the plaintiff could have no interest in NWG's property, as a member of an LLC has no interest in specific property of the LLC (see Limited Liability Company Law § 601). To the extent that there were questions of fact concerning what, if any, membership interest Klein previously held in NWG, the court found that it need not make a determination thereto, as the evidence established that no assignment of membership occurred in conformance with NWG's operating agreement, and Klein had transferred whatever interest he held in NWG to Perkal on April 26, 2012. Upon finding that the plaintiff had no membership interest in NWG, the court determined that the plaintiff was not entitled to an accounting or the other relief requested in the complaint. Accordingly, the court, in effect, denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the NWG defendants, granted the NWG defendants' cross motion for summary judgment in their favor on the first cause of action and dismissing the remainder of the complaint insofar as asserted against them, declared that the plaintiff does not have a 50% membership interest in NWG, or a 50% interest in any of its assets, and dismissed the second through seventh causes of action in the complaint insofar as asserted against the NWG defendants. In addition, the court, sua sponte, dismissed the complaint insofar as asserted against Klein as abandoned pursuant to CPLR 3215(c). The plaintiff appeals from so much of the order and judgment as, in effect, denied his motion, granted the cross motion of the NWG defendants, and made a declaration that was not in his favor. We affirm.
A membership interest in a limited liability company is assignable in whole or in part (see Limited Liability Company Law § 603[a][1]). However, the assignment of a membership interest "does not . . . entitle the assignee to participate in the management and affairs of the limited liability company or to become or to exercise any rights or powers of a member" (Limited Liability Company Law § 603[a][2]). Rather, "the only effect of an assignment of a membership interest is to entitle the assignee to receive, to the extent assigned, the distributions and allocations of profits and losses to which the assignor would be entitled" (Limited Liability Company Law § 603[a][3]). A person can become a member of a limited liability company by assignment, but only where the operating agreement grants the assignor such power, and, then, where the conditions of such authority have been complied with (see Limited Liability Company Law § 602[b][2]).
Here, NWG's operating agreement allows for the transfer of membership interest, but "only with the prior unanimous consent of the other Members either in writing or at a meeting called for such purpose." The operating agreement further provides that if the other members do not approve of the transfer, then the transferee shall have no right to become a member. In support of their cross motion, the NWG defendants submitted evidence that there had not been any prior unanimous consent allowing for the transfer of any membership interest to the plaintiff. In opposition to the cross motion, the plaintiff failed to raise a triable issue of fact on this issue. Consequently, although there are questions of fact concerning whether Klein had a membership interest in NWG, and, if so, whether the 2007 "memorandum of understanding" embodies an intent to transfer such a membership interest, or only a security interest, the NWG defendants demonstrated their entitlement to summary judgment on the first cause of action and dismissing the remainder of the complaint insofar as asserted against them. In addition to establishing that the plaintiff had not become a member of NWG, the NWG defendants established that any interest Klein might have held in NWG was extinguished as of April 26, 2012, when he transferred that interest to Perkal and resigned as a member. Thus, to the extent that Klein purportedly assigned his membership interest to the plaintiff, the only effect of such an assignment would be that the plaintiff was entitled to receive the distributions and allocations of profits and losses to which Klein would have been entitled from December 31, 2007, to April 26, 2012. Consequently, we agree with the Supreme Court's determination, in effect, to deny the plaintiff's motion for summary judgment on the complaint insofar as asserted against the NWG defendants, grant those defendants' cross motion for summary judgment on the first cause of action and dismissing the second through seventh causes of action insofar as asserted against them, declare that the plaintiff does not have a 50% membership interest in NWG, or a 50% interest in any of its assets, and dismiss the second through seventh causes of action insofar as asserted against the NWG defendants.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court