American Lending Corp. v Grigg (2020 NY Slip Op 03211)





American Lending Corp. v Grigg


2020 NY Slip Op 03211


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2017-05209
2017-08362
 (Index No. 8258/12)

[*1]American Lending Corp., appellant, 
v
Dana Grigg, et al., defendants, Scott C. Romond, et al., respondents (and a third-party action).


Cullen & Associates, P.C., New York, NY (Wayne L. DeSimone of counsel), for appellant.
Fidelity National Law Group, New York, NY (Rebecca Adams Hollis and Lara Chassin of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for rescission of a deed and for related declaratory relief, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), dated April 4, 2017, and (2) a judgment of the same court dated July 3, 2017. The order, insofar as appealed from, granted the motion of the defendants Scott C. Romond and Kristen L. Romond for summary judgment dismissing the fifth cause of action of the amended complaint and, in effect, declaring that a deed conveying the subject property from the defendant Dana Grigg to them is valid and denied that branch of the plaintiff's cross motion which was for summary judgment on the amended complaint insofar as asserted against those defendants. The judgment dismissed the amended complaint insofar as asserted against the defendants Scott C. Romond and Kristen L. Romand.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the declaratory judgment cause of action asserted against the defendants Scott C. Romond and Kristen L. Romond, and adding a provision thereto declaring that the deed conveying the subject property from the defendant Dana Grigg to the defendants Scott C. Romond and Kristen L. Romond is valid; as so modified, the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Scott C. Romond and Kristen L. Romond.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In 2009, the defendant Dana Grigg (hereinafter Grigg) sought to purchase certain [*2]property in Manorville from nonparty U.S. Bank, National Association (hereinafter U.S. Bank) for the sum of $365,000. When financing for the transaction fell through, Grigg entered into an alternative agreement with the plaintiff, American Lending Corp. (hereinafter American Lending), to borrow the sum of $385,000. The terms of the loan, which were memorialized in a note, included a provision that after 90 days, if the loan had not been repaid in full, American Lending would be authorized to file a joint deed in the property records and to "seek a Summary Judgment instead of following a regular foreclosure proceedings [sic]." In June 2009, Grigg purchased the subject property and executed a deed from U.S. Bank to himself, and a deed from himself to himself and American Lending (hereinafter the joint deed). Grigg subsequently defaulted under the terms of the loan.
In 2010, American Lending's counsel conculded that Grigg had fraudulently executed a deed on behalf of American Lending to himself (hereinafter the fraudulent deed), and filed said deed in the land records. Thereafter, by indenture dated October 19, 2010 (hereinafter the Romond deed), the defendants Scott C. Romond and Kristen L. Romond (hereinafter together the Romond defendants) purchased the subject property from Grigg for the sum of $359,750.
In June 2012, American Lending commenced this action against Grigg and his counsel, inter alia, seeking repayment of the note. American Lending subsequently amended its complaint to assert two causes of action against the Romond defendants. In the fifth cause of action, the plaintiff sought rescission of the Romond deed, and in the sixth cause of action, the plaintiff sought a judgment declaring that the Romond deed is null and void. After joining issue, the Romond defendants moved for summary judgment dismissing the fifth cause of action of the amended complaint and, in effect, declaring that the Romond deed is valid. The Romond defendants also moved for leave to amend their verified answer to assert an affirmative defense sounding in usury. American Lending opposed the motion and cross-moved for summary judgment on the amended complaint insofar as asserted against the Romond defendants. By order dated April 4, 2017, the Supreme Court, inter alia, granted the Romond defendants' motion for summary judgment, denied American Lending's cross motion, and denied as academic the Romond defendants' separate motion to amend their answer. In a judgment dated July 3, 2017, the court dismissed the amended complaint insofar as asserted against the Romond defendants. American Lending appeals.
Real Property Law § 320 provides, in pertinent part, that a "deed conveying real property, which, by any other written instrument, appears to be intended only as a security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage" (see Bouffard v Befese, LLC, 111 AD3d 866, 867; Henley v Foreclosure Sales, Inc., 39 AD3d 470, 470). "[T]he statute does not require a conclusive showing that the transfer was intended as security; it is sufficient that the conveyance appears to be intended only as a security in the nature of a mortgage" (Leonia Bank v Kouri, 3 AD3d 213, 217 [internal quotation marks omitted]; see Vitvitsky v Heim, 52 AD3d 1103, 1105). "In determining whether a deed was intended as security, examination may be made not only of the deed and a written agreement executed at the same time, but also of oral testimony bearing on the intent of the parties and to a consideration of the surrounding circumstances and acts of the parties" (Bouffard v Befese, LLC, 111 AD3d at 868 [alterations and internal quotation marks omitted]). "The holder of a deed given as security must proceed in the same manner as any other mortgagee—by foreclosure and sale—to extinguish the mortgagor's interest" (Leonia Bank v Kouri, 3 AD3d at 217).
Here, the Romond defendants established, prima facie, that the joint deed was given as security for the loan from American Lending to Grigg. Therefore, pursuant to Real Property Law § 320, the joint deed must be considered a mortgage, and American Lending's sole remedy for Grigg's breach of its terms was to commence an action sounding in foreclosure. Moreover, under the circumstances at bar, the Romond defendants established that they were good faith purchasers of the subject property (see Real Property Law § 290 et seq.; Emigrant Bank v Drimmer, 171 AD3d 1132, 1134). In opposition to the Romond defendants' motion, American Lending failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting the Romond [*3]defendants' motion for summary judgment and denying American Lending's cross motion for summary judgment on the amended complaint insofar as asserted against the Romond defendants. However, since the sixth cause of action sought a declaratory judgment, instead of dismissing that cause of action, the court should have declared that the Romond deed is valid (see 200 Genesee St. Corp. v City of Utica, 6 NY3d 761, 762; Lanza v Wagner, 11 NY2d 317, 334; Greenport Group, LLC v Town Bd. of the Town of Southold, 167 AD3d 575, 580).
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court