Harounian v Harounian (2021 NY Slip Op 05550)





Harounian v Harounian


2021 NY Slip Op 05550


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
CHERYL E. CHAMBERS
BETSY BARROS, JJ.


2018-14576
 (Index No. 604437/18)

[*1]Jacob Harounian, etc., respondent,
v
Mark Harounian, et al., appellants.


Pryor Cashman LLP, New York, NY (Todd E. Soloway, William L. Charron, Lauren B. Cooperman, and Jaspan Schlesinger LLP [Steven R. Schlesinger], of counsel), for appellants.
Todd C. Steckler, Oceanside, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and unjust enrichment, and for an accounting and declaratory and injunctive relief, the defendants and nominal defendants appeal from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered November 30, 2018. The order denied the motion of the defendants and nominal defendants pursuant to CPLR 3211(a), 3016(b), and 1001(a) to dismiss the complaint and, in effect, for a judgment declaring that the plaintiff is not a 40% owner of certain limited liability companies.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants and nominal defendants which were to dismiss the third, fifth, sixth, seventh, eighth, twelfth, and thirteenth causes of action, to strike the demand for punitive damages, and in effect, for a judgment declaring that the plaintiff is not a 40% owner of the subject limited liability companies, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff is not a 40% owner of certain limited liability companies.
The complaint in this action alleges that the plaintiff, Jacob Harounian (hereinafter Jacob), owned and operated a rug business called J. Harounian Oriental Rug Center (hereinafter JHORC). Jacob eventually asked his son, the defendant Mark Harounian (hereinafter Mark), to help him run JHORC. Jacob thereafter gave Mark a 40% ownership interest in JHORC. In addition, Jacob formed a partnership with Mark and Mark's two sisters called JAM Realty Co. (hereinafter JAM Realty) to take title to certain property located on 25th Street in Manhattan. Jacob had a 76% ownership interest in JAM Realty, while Mark's two sisters had 5% each, and Mark had 14% (10% plus a 4% "equity kicker") in light of the active role Mark would be taking in JAM Realty. Jacob, Mark, and Mark's two sisters (hereinafter collectively the family) decided to purchase and manage investment properties in Manhattan. JAM Realty purchased two more buildings, and then the family formed another partnership called United Nationwide Realty. The ownership interests in United Nationwide Realty were divided as follows: (1) Jacob 40%, (2) Mark's sisters 14% each, and (3) Mark 32% (28% plus a 4% "equity kicker"). Mark eventually converted JAM Realty to a limited liability company called Jam Realty NYC, LLC, and formed three new limited liability companies, [*2]United Flatiron, LLC, United Seed, LLC, and United Square, LLC (hereinafter collectively with Jam Realty NYC, LLC, the JAM LLCs), to own the three properties formerly owned by JAM Realty. Mark converted United Nationwide Realty to a limited liability company called United Nationwide Realty, LLC.
Over the course of the next several years, the family formed multiple companies to acquire a number of properties, including United Hay, LLC, 3M Properties, LLC, United West, LLC, United Chelsea, LLC, United Village, LLC, and United East, LLC (hereinafter collectively with United Nationwide Realty, LLC, the United LLCs). The family acquired a building located on 32nd Street for use as a showroom for the rug business and as the business headquarters (hereinafter the family headquarters), using funds from JAM Realty for the purchase and renovation of the building. It was agreed that Mark or an entity owned by Mark would take title to the family headquarters and hold the family's interests therein in trust for the family. The ownership interests would be divided as follows: (1) Jacob 40%, (2) Mark's sisters 14% each, and (3) Mark 32% (28% plus a 4% "equity kicker"). In addition to showroom and office space, the building also had a living space for Jacob.
Jacob commenced the instant action asserting 13 causes of action, including to recover damages for breach of fiduciary duty and unjust enrichment, and for an accounting and injunctive relief. The complaint alleged, among other things, that Mark amended the operating agreements or had new operating agreements drafted to reduce or eliminate Jacob's ownership interests in JAM Realty, United Nationwide Realty, and the United LLCs, and to permit payment of "reasonable compensation" to Mark for managing the JAM LLCs and the United LLCs. The complaint further alleged that Mark caused the family headquarters to be vacated, including, but not limited to, the rug showroom and Jacob's living space. The defendants and nominal defendants moved, inter alia, to dismiss the complaint pursuant to CPLR 3211(a)(1), (4), (5), (7), 1001(a), and 3016(b). Jacob opposed the motion. The Supreme Court denied the motion. The defendants and nominal defendants appeal.
"[M]embers of a limited liability company (LLC) may bring derivative suits on the LLC's behalf" (Tzolis v Wolff, 10 NY3d 100, 102). In a derivative suit, "[t]he remedy sought is for wrong done to the corporation; the primary cause of action belongs to the corporation; [and] recovery must enure to the benefit of the corporation" (Isaac v Marcus, 258 NY 257, 264; see Marx v Akers, 88 NY2d 189, 193). In the context of a corporation, "the standing of the shareholder is based on the fact that . . . he [or she] is defending his [or her] own interests as well as those of the corporation" (Tenney v Rosenthal, 6 NY2d 204, 211). "Where the plaintiff voluntarily disposes of the stock, his [or her] rights as a shareholder cease, and his [or her] interest in the litigation is terminated. Being a stranger to the corporation, the former stockowner lacks standing to institute or continue the suit" (Independent Inv. Protective League v Time, Inc., 50 NY2d 259, 263-264 [citations omitted]; see Tenney v Rosenthal, 6 NY2d at 211). The same is true of a limited liability company. "In order to maintain a derivative cause of action, a plaintiff must be a member of the LLC" (Jacobs v Cartalemi, 156 AD3d 605, 607).
"To succeed on a motion to dismiss pursuant to CPLR 3211(a)(1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (Teitler v Pollack & Sons, 288 AD2d 302, 302; see Leon v Martinez, 84 NY2d 83, 87-88). Here, the United LLCs' operating agreements conclusively establish that Jacob is not a member of the United LLCs. As a nonmember of the United LLCs, Jacob lacks standing to bring derivative causes of action on their behalf (cf. Tzolis v Wolff, 10 NY3d 100). Accordingly, the Supreme Court should have granted those branches of the motion of the defendants and nominal defendants which were pursuant to CPLR 3211(a)(1) to dismiss the third, fifth, and seventh causes of action alleging derivative causes of action.
"To prevail on a cause of action for an accounting, in addition to being a shareholder, a party must show that he or she demanded an accounting and that the demand was refused by the corporation, or that such demand would have been futile" (World Ambulette Transp., Inc. v Lee, 161 AD3d 1028, 1032; see Matter of Gross v Gross, 38 AD3d 893).
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts [*3]alleged in the complaint as true and determine whether those facts state a cause of action (see Leon v Martinez, 84 NY2d at 87-88; Guggenheimer v Ginzburg, 43 NY2d 268, 275). Pursuant to the JAM LLCs' operating agreements, members are entitled to inspect the JAM LLCs' books and records for the immediately preceding three-year fiscal period upon 10 days' written notice. Here, the complaint fails to allege that Jacob made a demand to inspect the books and records of the JAM LLCs, and that Mark refused his demand, or that such demand would have been futile. Additionally, the thirteenth cause of action, which is a derivative cause of action for an injunction, is vague in that it fails to indicate upon which limited liability companies the cause of action is being litigated, and fails to specify the conduct which it seeks to enjoin. Accordingly, the Supreme Court should have granted that branch of the motion of the defendants and nominal defendants which was pursuant to CPLR 3211(a)(7) to dismiss the sixth cause of action, which was for an accounting with respect to the JAM LLCs, and the thirteenth cause of action.
The usual elements of a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (see O'Brien v Dalessandro, 43 AD3d 1123). However, these factors should be applied flexibly (see Simonds v Simonds, 45 NY2d 233, 241). These factors serve only as a guideline, and a constructive trust may still be imposed even if all four elements are not established (see Tyree v Henn, 109 AD3d 906). "The ultimate purpose of a constructive trust is to prevent unjust enrichment and, thus, a constructive trust may be imposed 'when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest'" (Cruz v McAneney, 31 AD3d 54, 58-59, quoting Sharp v Kosmalski, 40 NY2d 119, 121 [internal quotation marks omitted]). Here, the complaint does not allege that Jacob provided any personal funds or made any personal guarantees towards the purchase or renovation of the property on 32nd Street (cf. Quadrozzi v Estate of Quadrozzi, 99 AD3d 688). Furthermore, the complaint does not allege that Jacob made any transfer of property in reliance upon a promise by Mark. Accordingly, the Supreme Court should have granted that branch of the motion of the defendants and nominal defendants which was pursuant to CPLR 3211(a)(7) to dismiss the eighth cause of action, seeking to impose a constructive trust.
The eleventh cause of action sought a judgment declaring that Jacob is a 40% owner of the JAM LLCs and United Nationwide Realty, LLC. The complaint alleges that Mark "unilaterally" converted JAM Realty and United Nationwide Realty into limited liability companies, and "unilaterally" and "without any authority whatsoever" filed paperwork reducing Jacob's 40% ownership interests therein to 28%. However, Jacob executed operating agreements which expressly stated that his ownership interest in each resulting limited liability company was 28%. "[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645, quoting Greenfield v Philles Records, 98 NY2d 562, 569). The language in the operating agreements was sufficient to place Jacob on notice that his ownership interests would be reduced from 40% to 28% (see Snyder v Voris, Martini & Moore, LLC, 52 AD3d 811). Accordingly, the Supreme Court should have granted that branch of the motion of the defendants and nominal defendants which was pursuant to CPLR 3211(a)(1), in effect, for a judgment declaring that Jacob is not a 40% owner of the JAM LLCs or United Nationwide Realty, LLC.
The complaint also alleges that Mark falsely or mistakenly reported capital distributions to the Internal Revenue Service over the course of four years. The operating agreements for the JAM LLCs and the United LLCs provide that for any intentional misconduct by a manager of the limited liability companies, the sole remedy is money damages. Thus, pursuant to the operating agreements, Jacob would not be entitled to injunctive relief. "The words and phrases used in an agreement must be given their plain meaning so as to define the rights of the parties" (Matter of Bokor v Markel, 104 AD3d 683, 683 [internal quotation marks omitted]). Accordingly, the Supreme Court should have granted that branch of the motion of the defendants and nominal defendants which was pursuant to CPLR 3211(a)(1) to dismiss the twelfth cause of action, seeking a mandatory injunction.
Finally, the operating agreements prohibited Jacob from seeking punitive damages in this action (see Matter of Bokor v Markel, 104 AD3d 683). Accordingly, the Supreme Court should have granted that branch of the motion of the defendants and nominal defendants which was pursuant to CPLR 3211(a)(1) to strike the demand for punitive damages.
The defendants and nominal defendants' remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that Jacob is not a 40% owner of the JAM LLCs or United Nationwide Realty, LLC (see Lanza v Wagner, 11 NY2d 317).
LASALLE, P.J., DILLON, CHAMBERS and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court