Ramsay v Garland (2025 NY Slip Op 06632)

Ramsay v Garland

2025 NY Slip Op 06632

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-03222
 (Index No. 717808/18)

[*1]Christine A. Ramsay, respondent, 
v
Veronica Garland, appellant, et al., defendants.

Joseph S. Hubicki, New York, NY, for appellant.
Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Veronica Garland appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated March 9, 2023. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant Veronica Garland which were for summary judgment dismissing the third and fourth causes of action insofar as asserted against her, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
In 2010, the plaintiff, who owned a home located in Queens (hereinafter the property), encountered difficulty in paying her mortgage. The defendant Veronica Garland (hereinafter the defendant) agreed to obtain a mortgage loan, and the plaintiff agreed to convey the property to her. The plaintiff alleged that the parties agreed orally that, when the plaintiff's financial situation improved, the defendant would reconvey the property to the plaintiff; however, no agreement to that effect was memorialized in writing.
The plaintiff remained in the property and paid the mortgage and utilities charges to the defendant. The plaintiff alleged that after two years, "I was in a position to refinance the property to pay all the existing mortgage" and have the property transferred back to her and asked the defendant "to make the proper arrangements," but the defendant "kept stalling." In 2018, the defendant informed the plaintiff of the defendant's intent to sell the property and told the plaintiff to vacate the property.
The plaintiff thereafter commenced this action, alleging causes of action seeking the imposition of a constructive trust, sounding in unjust enrichment, fraud, and breach of contract, and pursuant to RPAPL article 15 for declaratory relief. In the complaint, the plaintiff alleged that she and the defendant had "a long standing friendship and familial relationship." The defendant moved for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court denied the defendant's motion. The defendant appeals.
The statute of frauds requires that conveyances and contracts concerning real property be in writing (see General Obligations Law § 5-703; Toobian v Golzad, 193 AD3d 778, 780; Gendler v Guendler, 174 AD3d 507, 509). Here, the plaintiff submitted affidavits from witnesses to an oral agreement attesting that the defendant would reconvey the property when the plaintiff's financial situation improved but did not submit any writing memorializing this alleged oral agreement. Consequently, the purported oral agreement is unenforceable pursuant to the statute of frauds. Therefore, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the fourth cause of action, sounding in breach of contract, insofar as asserted against her.
Generally, a cause of action alleging fraud is duplicative of a breach of contract cause of action if it is based on identical circumstances and alleges identical loss incurred for the breach as for the misrepresentation (see Toobian v Toobian, 209 AD3d 907, 910; Pugni v Giannini, 163 AD3d 1018, 1020; Doukas v Ballard, 135 AD3d 896, 897). Here, both the third cause of action, sounding in fraud, and the fourth cause of action arose from the same facts: the defendant's alleged oral promise to reconvey the property to the plaintiff and the defendant's subsequent failure to do so when requested. The plaintiff alleged the same damages for both causes of action. Therefore, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the third cause of action insofar as asserted against her as duplicative of the fourth cause of action (see Toobian v Toobian, 209 AD3d at 909-910; Olden Group, LLC v 2890 Review Equity, LLC, 209 AD3d 748, 752; MacKay v Paesano, 185 AD3d 915).
However, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the first cause of action, seeking the imposition of a constructive trust, and the second cause of action, sounding in unjust enrichment, insofar as asserted against her.
A constructive trust is an equitable remedy that is not subject to the statute of frauds (see Chavez v Morales, 232 AD3d 757, 761; Toobian v Golzad, 193 AD3d at 781; Mackenzie v Croce, 54 AD3d 825, 827). A plaintiff must establish four elements to obtain a constructive trust: (1) a fiduciary or confidential relationship; (2) a promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment (see Toobian v Golzad, 193 AD3d at 781). A party must establish these elements by clear and convincing evidence (see Ali v Rahaman, 224 AD3d 721, 721).
The ultimate purpose of a constructive trust is to prevent unjust enrichment (see Sharp v Kosmalski, 40 NY2d 199, 121; Harounian v Harounian, 198 AD3d 734, 737). A person is unjustly enriched when allowing him or her to retain the benefit received would be unjust considering the relationship of the parties and the circumstances of the transfer (see Harounian v Harounian, 198 AD3d at 738).
"To prove unjust enrichment, a party must show that the other party was enriched at his or her expense, and it is against equity and good conscience to permit that person to retain what is sought to be recovered" (Canas v Oshiro, 221 AD3d 650, 651 [internal quotation marks omitted]; see Sharp v Kosmalski, 40 NY2d at 123; Delidimitropoulos v Karantinidis, 186 AD3d 1489, 1491). Here, the defendant failed to meet her burden of establishing her prima facie entitlement to judgment as a matter of law dismissing the cause of action sounding in unjust enrichment insofar as asserted against her, warranting the denial of that branch of her motion which was for summary judgment dismissing that cause of action insofar as asserted against her, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Determining whether a confidential or fiduciary relationship exists is "necessarily fact-specific" and is grounded "in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions" (Chavez v Morales, 232 AD3d at 760 [internal quotation marks omitted]; see Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d 584, 593). "Such a relationship may arise where a bond of trust and confidence exists between the parties and, hence, the defendant must be charged with an obligation not to abuse the trust and confidence" (Rocchio v Biondi, 40 AD3d 615, 616; see Sharp v Kosmalski, 40 NY2d at 121-122). Here, the complaint and affidavits of the defendant's daughter, the plaintiff, and the plaintiff's brother [*2]indicated that the plaintiff had come to rely on the defendant's advice as the mother of one of the plaintiff's longstanding friends. The plaintiff had known the defendant for approximately 25 years and knew the defendant's daughter since junior high school.
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against her.
Further, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the fifth cause of action insofar as asserted against her. The fifth cause of action sought ultimate relief, i.e., declaratory relief as to title, which may be warranted here, should the plaintiff prevail (see Real Property Law § 320; American Lending Corp. v Grigg, 184 AD3d 613; Loeuis v Grushin, 126 AD3d 761; Patmos Fifth Real Estate Inc. v Mazl Bldg., LLC, 124 AD3d 422). The plaintiff's contentions indicate that a deed to the defendant was actually a mortgage. A declaration to that effect may be sought in an action to quiet title (see Loeuis v Grushin, 126 AD3d 761).
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court