Kober v Nestampower (2025 NY Slip Op 06609)

Kober v Nestampower

2025 NY Slip Op 06609

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2021-04320
 (Index No. 602098/18)

[*1]Linda Robin Kober, et al., appellants, 
v
Rita Nestampower, et al., respondents, et al., defendants.

Meir Moza (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellants.
Cuomo LLC, Mineola, NY (Oscar Michelen of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal from an amended order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), dated April 30, 2021. The amended order denied the plaintiffs' motion for summary judgment on the complaint and granted the cross-motion of the defendants Rita Nestampower, Martha Gendel, and Jules Mark Klein for summary judgment dismissing the first, second, and fourth causes of action.
ORDERED that the amended order is affirmed, with costs.
The defendant Rita Nestampower, the defendant Martha Gendel, and their sister Bernice Klein (hereinafter the decedent) were members of KGN Associates, LLC (hereinafter the LLC). In October 2004, the decedent assigned her interest in the LLC "to the extent of thirty three and one third Percent (33 1/3%) of the Net Profits in the [LLC] as defined by the [LLC]" to a living trust in her name (hereinafter the trust), of which she was the trustee. In June 2010, the decedent died, and the plaintiff Linda Robin Kober, the decedent's daughter, became the trustee of the trust. In February 2011, Kober executed an assignment on behalf of the trust (hereinafter the assignment), intending to assign the trust's interest in the LLC to herself and the decedent's other children, the plaintiff Bettina Iris Rabinowitz and the defendant Jules Mark Klein (hereinafter Klein), each as an 11.11% member.
In February 2018, Kober and Rabinowitz (hereinafter together the plaintiffs), individually and derivatively on behalf of the LLC, commenced this action against, among others, Nestampower and Gendel, the managing members of the LLC, and Klein, inter alia, to recover damages for breach of fiduciary duty and for declaratory relief. The plaintiffs thereafter moved for summary judgment on the complaint. Nestampower, Gendel, and Klein (hereinafter collectively the defendants) cross-moved for summary judgment dismissing the first, second, and fourth causes of action on the ground, among others, that the plaintiffs lacked standing to assert derivative causes of action on behalf of the LLC. In an amended order dated April 30, 2021, the Supreme Court denied the plaintiffs' motion and granted the defendants' cross-motion. The plaintiffs appeal.
"'[M]embers of a limited liability company (LLC) may bring derivative suits on the LLC's behalf'" (Harounian v Harounian, 198 AD3d 734, 736, quoting Tzolis v Wolff, 10 NY3d 100, [*2]102; see Kaminski v Sirera, 169 AD3d 785, 786; Jacobs v Westchester Indus. Complex, LLC, 156 AD3d 608, 610). "A membership interest in a limited liability company is assignable in whole or in part" (Behrend v New Windsor Group, LLC, 180 AD3d 636, 639; see Limited Liability Company Law § 603[a][1]). However, the assignment of a membership interest "does not . . . entitle the assignee to participate in the management and affairs of the limited liability company or to become or to exercise any rights or powers of a member" (Limited Liability Company Law § 603[a][2]; see Behrend v New Windsor Group, LLC, 180 AD3d at 639). Rather, "the only effect of an assignment of a membership interest is to entitle the assignee to receive, to the extent assigned, the distributions and allocations of profits and losses to which the assignor would be entitled" (Limited Liability Company Law § 603[a][3]; see Behrend v New Windsor Group, LLC, 180 AD3d at 639). "A person can become a member of a limited liability company by assignment, but only where the operating agreement grants the assignor such power, and, then, where the conditions of such authority have been complied with" (Behrend v New Windsor Group, LLC, 180 AD3d at 639; see Limited Liability Company Law § 602[b][2]).
Here, the LLC's operating agreement allows for the transfer of a membership interest, but provides that new members may only be admitted with the consent of the LLC's other members. The assignment further provides that the transfer of the membership was "[s]ubject to the acceptance of this assignment and assumption by the LLC." In support of their cross-motion, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the first, second, and fourth causes of action by submitting evidence that there had not been any prior consent allowing for the transfer of any membership interest to the plaintiffs (see Behrend v New Windsor Group, LLC, 180 AD3d at 640; Kaminski v Sirera, 169 AD3d at 786). In opposition, the plaintiffs failed to raise a triable issue of fact, as they do not dispute that they failed to obtain the consent of the LLC's other members to be admitted as members of the LLC when they acquired their membership interest (see Kaminski v Sirera, 169 AD3d at 786). Therefore, the plaintiffs, as nonmembers who had not been admitted as members of the LLC, lacked standing to pursue derivative causes of action on behalf of the LLC (see Tzolis v Wolff, 10 NY3d at 102; Harounian v Harounian, 198 AD3d at 736; Kaminski v Sirera, 169 AD3d at 786). For the same reasons, the plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law on the complaint (see Behrend v New Windsor Group, LLC, 180 AD3d at 640).
Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the complaint and properly granted the defendants' cross-motion for summary judgment dismissing the first, second, and fourth causes of action (see id.).
In light of our determination, we need not reach the plaintiffs' remaining contentions.
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court