NYCTL 2019-A Trust v Budhram (2026 NY Slip Op 50146(U))

[*1]

NYCTL 2019-A Trust v Budhram

2026 NY Slip Op 50146(U)

Decided on February 5, 2026

Supreme Court, Queens County

Caloras, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 5, 2026
Supreme Court, Queens County

NYCTL 2019-A Trust, THE BANK OF NEW YORK MELLON, 
 AS COLLATERAL AGENT AND CUSTODIAN FOR THE NYCTL 2019-A TRUST, Plaintiff,

againstKris Budhram, WELLS FARGO BANK, N.A., TRUSTEE FOR THE CERTIFICATE HOLDERS OF FIRST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-FF6, U.S. BANK NATIONAL ASSOCIATION, NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, Defendants.

Index No. 719668/2020

Jerry A. Montag, Esq.Seyfarth Shaw LLPAttorney for Plaintiffs620 Eighth Avenue, 32nd Fl. 
New York, NY 10018Phone number: (212) 218-5500Email address: [email protected]Gershon Akerman, Esq. 
Seyfarth Shaw LLPAttorney for Plaintiffs620 Eighth Avenue 32nd Fl. 
New York, NY 10018Phone number: (212) 218-5500Email address: [email protected]
Manuel D. Gomez, Esq. 
Law Office of Manuel D. Gomez, P.C.Attorney for Plaintiffs225 Broadway Ste 900New York, NY 10007Phone number: (212) 571-2640 Email address: [email protected]
Steven Alexander Biolsi, Esq.Biolsi Law Group, P.C.Attorney for Defendant, Kris Budhram111 Broadway Rm. 606New York, NY 1006Phone number: (212) 706-1385Email address: [email protected]
Joseph Aaron Jacobson, Esq.Biolsi Law Group, P.C.Attorney for Defendant, Kris Budhram111 Broadway Rm. 606New York, NY 1006Phone number: (212) 706-1385Email address: [email protected]Brian Scott McCgrath, Esq. 
Hinshaw & Culbertson LLPAttorney for Defendant, Wells Fargo Bank, N.A., Trustee for the Certificate Holders of First Mortgage Pass-Through Certificates, Series 2004-FF6800 Third Avenue 13th Flr.New York, NY 10022Phone number: (212) 471-6226Email address: [email protected]
Mitchell Evan Zipkin, Esq. 
Hinshaw & Culbertson LLPAttorney for Defendant, Wells Fargo Bank, N.A., Trustee for the Certificate Holders of First Mortgage Pass-Through Certificates, Series 2004-FF6800 Third Avenue 13th Flr.New York, NY 10022Phone number: (212) 471- 6235Email address: [email protected]
Ben Zev Raindorf, Esq. 
Hinshaw & Culbertson LLPAttorney for Defendant, Wells Fargo Bank, N.A., Trustee for the Certificate Holders of First Mortgage Pass-Through Certificates, Series 2004-FF6800 Third Avenue 13th Flr.New York, NY 10022Phone number: (212) 471- 6219Email address: [email protected]
Charles W. Miller, Esq. 
Hinshaw & Culbertson LLPAttorney for Defendant, Wells Fargo Bank, N.A., Trustee for the Certificate Holders of First Mortgage Pass-Through Certificates, Series 2004-FF6111 Wood Avenue South, Ste. 210 
Iselin, NJ 08830Phone number: (908) 374- 0333Email address: [email protected]
Joy Tolulope Anakhu, Esq.New York City Law DepartmentAttorney for Defendant, New York City Department of Housing Preservation and Development100 Church St. Flr. 3New York, NY 10007Phone number: (212) 356- 2048Email address: [email protected]
Michelle Mirro, Esq.New York City Department of FinanceAttorney for Defendant, New York City Environmental Control Board375 Pearl St., 30th Flr.New York, NY 10038Phone number: (212) 748- 7228Email address: [email protected]Edward Andreas Vincent, Esq.Borchert & Laspina, P.C.Attorney for Non-Party, Winner Town1902 Whitestone Expy Ste. 302Whitestone, NY 11357Phone number: (718) 767- 3333Email address: [email protected] 

Robert I. Caloras, J.

The following e-filed documents, listed by NYSCEF document numbers: (Motion 005) 122—31 were read on defendant's motion for leave to reargue.
Upon the foregoing documents, it is ordered that the motion by Defendant is denied for the following reasons:
"A motion for leave to reargue 'shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion.'" Grimm v Bailey, 105 AD3d 703, 704, [2d Dept 2013], quoting CPLR § 2221 [d][2]; see Matter of American Alternative Ins. Corp. v Pelszynski, 85 AD3d 1157, 1158 [2d Dept 2011]. "While the determination to grant leave to reargue a motion lies within the sound discretion of the court, a motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented." Matter of [*2]Anthony J. Carter, DDS, P.C. v Carter, 81 AD3d 819, 820 [2d Dept 2011] (citations and internal quotations omitted).
Here, Defendant claims that this Court erred by denying Defendant's order to show cause and finding that Defendant did not have standing to contest the JFS in the Order dated April 3, 2025. Defendant argues that the deed which conveyed his interest to Planet Diya LLC on July 11, 2023, must be considered a mortgage, wherein the transaction was executed as security for a loan of money. Therefore, Defendant argues that he did have the standing to contest the default judgment of foreclosure and sale on the property and the alleged improper service of process upon him. Defendant is correct in his recitation of NYPL § 320 and the related case law, that "[a] deed conveying real property, which, by any other written instrument, appears to be intended only as a security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage . . . ."
In support of this argument, Defendant provided a personal affidavit. Notably missing from the record is any further supporting documentation, such as affidavits from individuals on behalf of Planet Diya LLC or a written agreement between Defendant and the non-party lender. While the statute does not require a "conclusive showing" that the transfer was intended as security (Leonia Bank v Kouri, 3 AD3d 213 [1st Dept 2004]), case law in New York courts has evolved to require something more than just an affidavit from the self-interested litigant to provide the "appearance" of a mortgage to a deed conveyance. "In determining whether a deed was intended as security, examination may be made not only of the deed and a written agreement executed at the same time, but also of oral testimony bearing on the intent of the parties and to a consideration of the surrounding circumstances and acts of the parties." American Lending Corp. v Grigg, 184 AD3d 613, 615—56 [2d Dept 2020]. In order to allow the Court to consider the totality of the circumstances surrounding the transaction, successful cases have provided settlement agreements, stipulations, or other evidence indicating the intent of all parties. See Id.; Bouffard v Befese, LLC, 111 AD3d 866 [2d Dept 2013]; Wohl v Frankel, 170 AD3d 1088 [2d Dept 2019]; Simmons v Reich, 171 AD3d 1237 [2d Dept 2019]; Leonia Bank v Kouri, 3 AD3d 213 [1st Dept 2004]. Here, the Court finds that Defendant failed to provide sufficient evidence to support their argument. Therefore, the Court must also find that Defendant has failed to demonstrate how the Court misapprehended or misapplied any controlling principle of law in making its decision. Defendant's motion to reargue is denied.
DATED: February 5, 2026___________________________ROBERT I. CALORAS, J.S.C.